(111 So. 907)

**WHEELER v. RIVER FALLS POWER CO.
(4 Div. 243.)**

(Supreme Court of Alabama. Nov. 18, 1926. Rehearing Denied Jan. 13, 1927. Further Rehearing Denied April 14, 1927.)

**1. Waters and water courses &#9758;77—Allegation that power company wrongfully erected dam in violation of regulations of state board of health held to state cause of action for nuisance.**

Allegation that defendant power company caused plaintiff physical pain and mental anguish by wrongfully and negligently erecting dam, in violation of regulations of state board of health, in that it failed to remove objects which would create conditions favorable to protection of mosquitoes capable of conveying malaria, held to state cause of action for nuisance.

**2. Waters and water courses &#9758;69—Power corporation cannot proceed to dam stream without reference to regulations of state board of health, made after work commenced (Code 1923, §§ 1051, subsec. 6, 4360, 7193).**

Power corporation, organized under Code 1923, § 7193, with right to construct dam across any nonnavigable stream, cannot proceed without reference to regulations of state board of health in building such dam, in view of section 1051, subsec. 6, § 4360, giving such regulations force of law, though corporation had begun construction of dam prior to regulations where it had not impounded waters of river until afterwards.

**3. Constitutional law &#9758;60—Legislature may authorize its appointed agencies to make minor regulations for enforcement of general laws.**

Legislature has authority to enact laws authorizing their own appointed agencies to make such minor rules and regulations as are necessary or appropriate for administration and enforcement of general laws.

**4. Evidence &#9758;471(2)—Testimony of officer that regulations of state board of health were adopted by quorum of such board held inadmissible as conclusion.**

Testimony of state health officer that rules and regulations of state board of health governing impounding of waters were adopted by quorum of board held conclusion of witness, and properly excluded.

**5. Health &#9758;6—Regulations of state board of health, adopted at meeting where less than "quorum" was present, held invalid (Code 1923, §§ 1047, 1048, 1051, subsec. 6).**

Regulations of state board of health, adopted at meeting attended by minority and Governor as ex officio chairman, under Code 1923, § 1047, held not adopted according to law, though absentees unanimously asserted concurrence by mail, since quorum must be present, and "quorum" is majority, in view of §§ 1048, 1051, subsec. 6.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Quorum.]

**On Rehearing.**

**6. Waters and water courses &#9758;77—Complaint against power company for erection of dam, constituting nuisance, should allege erection was unlawful (Code 1923, § 1136, subsecs. 7, 8); "nuisance per se."**

Complaint alleging erection of power company's dam impounding waters, and causing plaintiff to become sick and suffer physical pain and mental anguish, but containing no allegation that dam was unlawfully or wrongfully erected, did not state cause of action as for nuisance, notwithstanding Code 1923, § 1136, subsecs. 7 and 8, since dam is not "nuisance per se," defined as act, occupation, or structure

·which is nuisance at all times and under any circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Nuisance per se.]

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action by Velma Wheeler against the River Falls Power Company. From a judgment for defendant, plaintiff appeals. Affirmed.

D. M. Powell, of Greenville, and W. H. Albritton, of Andalusia, for appellant.

It was error to sustain demurrers to the first four counts of the complaint. It was not necessary to allege that the acts complained of were unlawfully or negligently done. 29 Cyc. 1201, 1262, 1263; Town of Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749; Hosmer v. Republic I. & S. Co., 179 Ala. 415, 60 So. 801, 43 L. R. A. (N. S.) 871; First Ave. C. & L. Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L. R. A. (N. S.) 522; Stanton v. L. & N., 91 Ala. 384, 8 So. 798; Western Ry. Co. v. Lazarus, 88 Ala. 453, 6 So. 877; 20 R. C. L. 118; L. & N. v. Kelly, 198 Ala. 648, 73 So. 953; Code 1923, § 9271. The rules and regulations as to impounding waters, promulgated by the state board of health, were legally adopted, and were admissible in evidence. Code 1923, §§ 1046–1048, 1051, 1053, 1092; Parke v. Bradley, 204 Ala. 455, 86 So. 28. The constitution of the State Medical Association should be looked to to determine how it is constituted and the rules governing it. Code 1923, § 1047; United States v. Ballin, 144 U. S. 1, 12 S. Ct. 507, 36 L. Ed. 321; Gordon, Rankin & Co. v. Tweedy, 74 Ala. 237, 49 Am. Rep. 813. Conducting a business, trade, or industry, or occupation, or the doing of a thing lawful but inherently unsanitary or a menace to public health, without complying with safeguards for the protection of health as may be prescribed by rules and regulations of the state board of health, is a public nuisance per se and unlawful. Code 1923, § 1136 (7); 29 Cyc. 1201; Town of Vernon v. Wedgeworth, supra; Ogletree v. McQuaggs, 67 Ala. 580, 42 Am. Rep. 112; Richards v. Daugherty, 133 Ala. 569, 31 So. 934; Hamilton v. Ala. Power Co., 195 Ala. 440, 70 So. 737; Burnett v. Ala. Power Co., 199 Ala. 362, 74 So. 459; 20 R. C. L. 118; Bartel v. Ridgefield Lbr. Co., 131 Wash. 183, 229 P. 306, 37 A. L. R. 683; 102 Kan. 164, 169 P. 208, L. R. A. 1918C, 229.

Powell & Reid, E. O. Baldwin, and J. Morgan Prestwood, all of Andalusia, for appellee.

Counts 1 to 4 are insufficient; no wrongful or negligent act is averred. Authorities cited by appellant to the contrary are inapt. The regulations sought to be introduced were not legally adopted. The law creating the committee of public health, defining its powers and duties, does not fix the number constituting a quorum for the transaction of business; therefore the common law applies and fixes the quorum, which is a majority of the members of that body. Any by-law of the board fixing a smaller number would be void. Code 1923, §§ 1046, 1048, 1051; 29 Cyc. 1688; Heiskell v. Baltimore, 65 Md. 125, 4 A. 116, 57 Am. Rep. 308; Ex parte Willcocks, 7 Cow. (N. Y.) 402, 17 Am. Dec. 525; State v. Ellington, 117 N. C. 158, 23 S. E. 250, 30 L. R. A. 532, 53 Am. St. Rep. 580; 144 U. S. 1, 12 S. Ct. 507, 36 L. Ed. 321; Morrill v. Little Falls Mfg. Co., 53 Minn. 371, 55 N. W. 547, 21 L. R. A. 174; Lawrence v. Ingersoll, 88 Tenn. 52, 12 S. W. 422, 6 L. R. A. 308, 17 Am. St. Rep. 870. The board has no legislative power. Parke v. Bradley, 204 Ala. 455, 86 So. 28; Waupun v. Moore, 34 Wis. 450, 17 Am. Rep. 446. Defendant had the legal right to construct the dam and impound the water under Code 1907, § 3627, and plaintiff was not entitled to recover consequential damages. Burnett v. Ala. Power Co., 199 Ala. 337, 74 So. 459; Meharg v. Ala. Power Co., 201 Ala. 555, 78 So. 909.

SAYRE, J. The purpose of the first four counts of appellant's complaint was to state a cause of action as for a nuisance for that appellee, defendant, erected a dam across Conecuh river, thereby impounding the waters of the river, and causing plaintiff to become sick, and to suffer physical pain and mental anguish. There is in these counts no allegation that the dam was unlawfully or wrongfully erected, and for that reason, according to cases of recent decision in this court, the demurrer to these counts was properly sustained. Hamilton v. Alabama Power Co., 195 Ala. 438, 70 So. 737; Burnett v. Alabama Power Co., 199 Ala. 337, 74 So. 459; Meharg v. Alabama Power Co., 201 Ala. 555, 78 So. 909. In view of appellant's reference to section 9271 of the Code of 1923 as settling a different doctrine, we observe that section 5193 of the Code of 1907, brought forward into the Code of 1923 as section 9271, antedated the decisions we have cited above, and we must assume, therefore, that it had consideration when those decisions were rendered, and, with that consideration, was brought forward into the present Code. So, likewise, the case of Town of Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749, antedates the cited cases, and the court, if there is any conflict—and we doubt that any was intended—prefers now to follow its more recent adjudications.

[1] Added counts 5, 6, 7, and 8 charge that defendant wrongfully and negligently erected the dam with the consequences aforestated. Counts 7 and 8 more specifically charge that defendant negligently impounded the waters of the said river in violation of the regulations of the state board of health, in that it

negligently failed to remove, burn, or otherwise satisfactorily dispose of "brush, trees, undergrowth, logs, stumps, and similar objects which, if not removed, would float or collect floatage on the surface of the impounded waters, and which would constitute conditions favorable to the protection of the larvae of mosquitoes capable of conveying malaria," etc., whereby plaintiff became sick, etc. The cases cited above were decided prior to the adoption of the regulations referred to, and prior to the wrong and injury complained of, but the principles of substantive law and pleading therein stated and approved by a majority of the court lead us to conclude that the added counts sufficiently stated a cause of action.

[2, 3] Defendant corporation was organized under the law of this state, and enjoyed the powers conferred by statute, now expressed by section 7193 of the Code of 1923, among others, the right to construct and operate a dam across any nonnavigable stream such as Conecuh river is at the dam site in question, "together with all works incident, necessary, or related thereto, and in connection therewith to impound or divert 'the water'" of that stream, and upon this seems to be based the contention that defendant might proceed without reference to the regulations adopted with respect to such enterprises by the state board of health. On December 1, 1922, the committee of public health, purporting to act for the state board of health, or rather, as will appear, certain members of the committee, undertook to adopt rules and regulations to govern the impounding of waters in this state, a copy of which was furnished to defendant on April 24, 1923. Such rules and regulations, when adopted according to the method provided by statute, "have the force and effect of law, and shall be executed and enforced by the same courts, bodies, officials, agents and employees as in the case of health laws." Code 1923, § 1051, subsec. 6. "Any person who violates any of the health or quarantine laws, except those for which a special penalty is prescribed, shall be guilty of a misdemeanor," etc. Code § 4360. Legislative competency to enact laws of this character, i. e., laws "authorizing their own appointed agencies to make such minor rules and regulations as are necessary or appropriate for the administration and enforcement of the general laws of the state," has been approved and upheld by this court. Parke v. Bradley, 204 Ala. 455, 86 So. 28. Defendant had begun the work of clearing the ground (after a fashion) and the construction of its dam prior to the date of these rules and regulations, but the waters of the river had not been impounded. That was done afterwards. To the impounding of the waters, therefore, as alleged in the complaint, the rules and regulations adopted by the board of health, if adopted with due warrant of law, applied with full force.

215 ALA.—42

[4, 5] But defendant contends that the rules and regulations in question were not adopted by the state board of health according to law, but were nothing more than an expression emanating from individual members of the board less in number than a quorum, and have not the force and effect of law, and, as we read the record, the trial court adopted that view, and excluded the evidence of the rules and regulations; thus leaving plaintiff without evidence of a fact essential to her case, and raising the most vital question presented for decision on this appeal.

Our judgment is that the ruling here in question was free from error. Dr. Welch, who as state health officer certified the transcript of the record of the state board of health, testifying as a witness for plaintiff, stated that the rules and regulations governing the impounding of waters in this state were adopted by a quorum of the board, but this, evidently, was the conclusion of the witness from facts in evidence, and not the subject of dispute, whereas the question of law presented was one to be decided by the court. The answer was properly excluded.

The transcript of the record of the state board of health, put in evidence, disclosed the fact that there were present at the called meeting which undertook to adopt the rules and regulations in dispute three members of the state committee of public health, the state health officer included, and in addition the Governor, ex officio a member of the committee, and ex officio its chairman. Code § 1047. But the state board of censors of the medical association of the state, which, when acting in its appropriate capacity, is the state committee of public health, is composed of ten members elected by the association, and the absentees, who had been informed of the pendency of the proposed rules and regulations and their contents unanimously by mail certified their concurrence in the act of adoption. This cannot be accepted as the authorized legislative act of the state committee of public health.

There is no provision of statute law whereby a minority of the committee of public health may exercise the legislative power as to minor details of administration committed to it by the Legislature, and it is clear that such power, having been committed to the aggregate of the members composing the committee, cannot by it be delegated elsewhere, or to any number of individuals acting separately. Of course, a quorum duly met may exercise the power of the committee. But a quorum is such number of the committee as is competent to transact its business, and that, according to the general law of such bodies, is a majority of the committee. The point here is that individual members of the committee, scattered about the state, cannot be counted to constitute a quorum of a meeting of the committee which in

fact they did not attend. This proposition has been often stated, is clearly restated by the Supreme Court of the United States in United States v. Ballin, 144 U. S. 1, 12 S. Ct. 507, 36 L. Ed. 321, and further argument is hardly necessary. The sum of it is that, in the absence of legislative authority to a different effect, a majority of the members must attend any meeting of the committee called for legislative purposes, otherwise there is no committee competent to act, but a majority of those present, when legally met, may bind all the rest. In other words, a major part of the whole is necessary to constitute a quorum, and a majority of the quorum may act. Says the Supreme Court of the United States, quoting from Chancellor Kent:

"There is a distinction taken between a corporate act to be done by a select and definite body as by a board of directors [in this case the committee of public health], and one to be performed by the constituent members. In the latter case, a majority of those who appear may act; but in the former, a majority of the definite body must be present, and then a majority of the quorum may decide."

See cases referred to by the court in United States v. Ballin, supra, on pages 7 and 8 of the report. Quoting the language of the Supreme Court of Pennsylvania, "congregated deliberation is deemed essential." Commonwealth v. Cullen, 13 Pa. 133, 53 Am. Dec. 450.

Section 1048 of the Code of 1923, to which for convenience we refer, provides that—

"When the state board of health [the medical association of the state of Alabama, Code § 1046] is not in session said state committee of public health shall act for said board and have and discharge all the prerogatives and duties of said board, including the adoption and promulgation of rules and regulations provided for in this chapter [the chapter on Health and Quarantine]. When said committee is not in session the state health officer shall act for said board and said committee and shall report to the said board," etc.

And subsection 6 of section 1051 of the Code, to which we have before referred, provides that the state board of health shall have authority and jurisdiction to "adopt and promulgate rules and regulations providing proper methods and details for administering the health and sanitary laws of the state," etc.

We find nothing in the foregoing provisions of the statute law to derogate anything from what we have said on the authority of United States v. Ballin and the cases there cited and discussed.

Upon consideration of the authorities on the subject and the reason of the matter, we feel constrained to hold that the alleged rules and regulations governing the impounding of waters have not the authority of law. They were therefore properly excluded by the trial court, and, being excluded, the principles decided in Meharg v. Alabama Power Co., and the other cases in that line to which we referred in the outset, left no standing room for appellant in the trial court.

Other assignments of error need not be discussed. If there was error as to them, it was error without injury. It results that the judgment appealed from must be affirmed.

Affirmed.

GARDNER, MILLER, and BOULDIN, JJ., concur.

### On Rehearing.

SAYRE, J. [6] Appellant now refers with emphasis to subdivision 7 of section 1136 of the Code—that section having had no more than cursory mention in the original briefs—as authority for the proposition that appellee's dam and the conditions created by it, as alleged in the original counts of the complaint, constituted a nuisance without regard to the attempted exercise by the board of health or its committee of public health in making rules and regulations, and hence that the demurrers to these counts were erroneously sustained. But the court, considering the subsection in connection with other parts of the chapter on Health and Quarantine, where the subsection is found, and the history of the legislation there expressed, entertains the opinion that the subsection, in its concluding clause at least—that being the clause under which appellant would justify its contention—was not intended of its unaided force to declare a new cause of civil liability, but rather to define the powers of the board of health, and to provide machinery for the appropriate exercise of those powers. The subsection, read in connection with the general introductory clause of the section, is:

"The following things, conditions and acts, among others, are hereby declared to be public nuisances per se, menacing public health and unlawful: * * * (7) The conducting of a business, trade, industry, or occupation, or the doing of a thing, not inherently insanitary or a menace to public health in such a manner as to make it a menace or likely to become a menace to public health."

In that connection we note subdivision 8 of the same section, which reads as follows:

"The conducting of a business, trade or industry or occupation, or the doing of a thing, lawful but inherently insanitary or a menace to public health, without complying with safeguards for the protection of health as may from time to time be prescribed by the rules and regulations of the state board of health."

We are not prepared to assert very confidently what the medical faculty would say in answering the question whether appellee's dam (in connection with the condition produced by it) falls under subsection 7 or subsection 8. But we think the terms employed by the Legislature must, in the absence of

new definition, be accepted with their customary meaning. A nuisance at law' or a nuisance per se is defined to be "an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." 29 Cyc. 1153. Certainly appellee's dam is not such a nuisance as that. Our judgment therefore is that, whether the dam, or the accumulating of water in it, be ranged under one or the other of the subsections referred to, action of the board of health was necessary to make it a nuisance per se, and that the allegation that the dam was unlawfully or wrongfully erected was necessary to the cause of action attempted to be stated in the first four counts of the complaint.

As for other questions of law to be considered, the court adheres to its original opinion.

Application overruled.

GARDNER, MILLER, and BOULDIN, JJ., concur.