(131 So. 14)

**PENTON v. BROWN–CRUMMER INV. CO.**

4 Div. 447.

Supreme Court of Alabama.

Jan. 23, 1930.

Rehearing Denied June 5, 1930.

Rehearing Granted Oct. 30, 1930.

Further Rehearing Denied Dec. 11, 1930.

G. W. Reeves, of Florala, and A. R. Powell, of Andalusia, for appellant.

158

A. Whaley, of Andalusia, G. W. L. Smith, of Brewton, and Elcock & Martin, of Wichita, Kan., for appellee.

Douglas Arant, Luther B. Bewley, and Bradley, Baldwin, All & White, all of Birmingham, and Moreau P. Estes and Wm. E. Noryell, Jr., both of Nashville, Tenn., amici curiæ.

BROWN, J.

The appellee, Brown-Crummer Investment Company, alleging that it is the owner of certain local improvement bonds issued by the city of Florala, Ala., under the provisions of article 33, c. 43, of the Code, acquired by it in due course from Dietz Concrete Construction Company, Inc., to whom said bonds were originally sold by the city of Florala, filed the original bill against appellant, to enforce the lien alleged to have attached to appe'lant's property, and arising from the order or resolution of the council fixing the amount of the assessment against each lot or tract of land described or included in the assessment roll, filed with the city clerk in the progress of the proceedings for the local improvements.

Appellant filed an answer, which he prayed might be taken and considered as a cross-bill, alleging inter alia: "Answering the bill as a whole and each paragraph separately these respondents deny that the Mayor and City Council convened and heard and determined objections, protests and defenses. These respondents also deny that the said Mayor and City Council adopted the resolution determining the respective assessments and the amount thereof, and they deny that the same were fixed as then shown or indicated on the list or roll of owners as alleged in the bill. These respondents aver the truth to be that an attempt was made to have or hold the said meeting of the said City Council, but that no quorum was present at the said meeting. These respondents aver that a number of said Councilmen less than a quorum assembled and waited a while for other members to appear and finally became impatient and decided to proceed without the absent members. Respondents aver that the absent members were called over the telephone and authority was thus attempted to be given by such absent members to the Clerk of the City of record such absent members present and voting on the resolution referred to, and the Clerk of the City thereupon wrote up the minutes of the meeting reciting that the said members who had been so consulted over the telephone were present at the said meeting. These respondents aver that no valid meeting of the said council was held fixing the amount of the said assessment and that the attempt to hold such meeting as was above described is and

was void and ineffective. These respondents aver that they are in possession of the property involved in the suit and that the records of the City Council of Florala as they now appear constitute a cloud on the title of said respondents and that they are entitled to have a decree of the court canceling the said cloud" —and praying that said order or resolution fixing the assessment against his property be canceled as a cloud on his title.

The "demurrers to the cross-bill" filed by the appellee were sustained, and from that decree this appeal is prosecuted.

■ It is the settled rule of our decisions that, on appeal from a decree "sustaining a demurrer to the bill," or, as here, to the cross-bill, and no reference made in the decree to grounds of demurrer going to part of the bill, only grounds going to the sufficiency of the bill as a whole will be considered. Sandlin v. Anders et al., 210 Ala. 396, 98 So. 299; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413.

This rule limits our consideration to the first, second, and twelfth grounds of demurrer.

■ It is well settled that courts of equity have jurisdiction and will intervene, at the insistence of the owner of real estate, to remove a cloud on his title arising from a void assessment for taxes or public improvement schemes, where the invalidity does not appear on the face of the proceedings, and extraneous evidence is required to develop the invalidity. 4 Dil. Municipal Corp. (5th Ed.) § 1590; 1 Pom. Eq. Juris. §§ 259–270; High on Inj. §§ 367, 368; Heywood v. Buffalo, 14 N. Y. 534; Ewing v. St. Louis, 5 Wall. 413, 18 L. Ed. 657.

As observed by the court in Holland v. Mayor, etc., of City of Baltimore, 11 Md. 186, 69 Am. Dec. 195: "The idea that a party ought to stand by and see his property illegally exposed to public sale, and then force the purchaser to bring his ejectment to gain possession, or to try his title, seems to be sustained by no good authority. Such a doctrine would not only encourage circuity of action and multiplicity of suits, but render the title of the real owner comparatively valueless, while the suits at law should be pending." Equity will not allow a title otherwise clear to be clouded by a claim which cannot be enforced in law or equity.

Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971, cited by appellee as denying jurisdiction to courts to intervene in the case at bar, was a taxpayer's bill to enjoin the county board from accepting a contractor's bid to build a courthouse, and it was there held that, if on the face of the proceedings the county board was without authority to act, the complainant's remedy was by certiorari to quash the proceedings, but, if the board was acting within its authority, a court of equity would not interfere with its discretionary power, in the absence of fraud or corruption.

The principles of that decision clearly have no application here, where the power and jurisdiction of the city council are conceded; but the contention is that the city council did not act, that the action recorded as the action of the city council was by persons who had no authority to make the record, still the writing which purports to be a record is, on its face, apparently regular, and is a cloud on complainant's title.

In City of Albany v. Spragins et al., 214 Ala. 449, 108 So. 32, the complainants were owners of twenty-eight lots affected by the proceedings of the city in a local improvement proceeding, and, during the progress of the proceedings before the city council, and before the assessments had been made final, the complainants sought to enjoin the proceedings on the ground of irregularities in the proceedings looking to the assessment; and jurisdiction of the court to interfere, on the ground that a multiplicity of suits would be occasioned, was denied because it appeared that the facts as to each lot proposed to be assessed were the same, that one contest in the manner provided by statute would practically settle all others, and there was nothing to show that proceedings were vexatious.

■ The holding in that case is not apt to deny jurisdiction of equity in the instant case, where, if the facts alleged are true, the appellant could maintain a bill to quiet title under the statute, or under the principles of equity in respect to removing clouds from titles. Rea pro ami. v. Longstreet & Sedgwick, 54 Ala. 291; Daniel v. Stewart, 55 Ala. 278; 3 Brick. Dig. 355, §§ 340, 341, 345.

■■ It is also settled that an order or resolution of the city council fixing the amount of the assessment against each lot or tract of land described and included in the assessment roll is essential to the creation of a lien on the property described in the assessment roll, Bailey v. Levy, 213 Ala. 80, 82, 104 So. 415; and that the city council, in the adoption of such resolution or ordinance, is exercising a judicial function, Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467.

■ The power to make the order or pass the resolution is a power that resides in the council, and can only be exercised by the council duly organized and acting in the exercise of corporate power.

The statute provides that "all legislative powers and other powers granted to cities and towns shall be exercised by the council, except those powers conferred on some officer by law or ordinance"; that a quorum shall consist of "a majority of the whole number of

members to which such corporation is entitled, including the mayor in towns and cities of less than six thousand population." Code 1923, § 1908.

"The quorum of a body may be defined to be that number of members which when legally assembled in their proper place will enable the body to transact its proper business, or in other words that number which makes a lawful body and gives it power to pass a law or ordinance, or do any other valid corporate act." 2 McQuillin Mun. Corp. (2d Ed.) § 622; 2 Dil. Mun. Corp. § 541; 43 C. J. 502, § 766; 19 R. C. L. 888, § 187.

And, as observed by Judge Dillon, it "is a fundamental rule in the law of corporations," that "acts done when less than a legal quorum are present, or which were not concurred in by the requisite number, are void." 2 Dil. on Mun. Corp. 874, § 541; 43 C. J. 502, § 766; State v. Porter, 113 Ind. 79, 14 N. E. 883; Wescott v. Scull, 87 N. J. Law, 410, 96 A. 407; Commonwealth ex rel. v. Garvey, 217 Pa. 425, 66 A. 652; City of Benwood v. Wheeling R. Co., 53 W. Va. 465, 44 S. E. 271; Wheeler v. River Falls Power Co., 215 Ala. 655, 111 So. 907.

The holding in Montgomery Light & Water Power Co. v. Citizens' Light, Heat & Power Co., 142 Ala. 462, 38 So. 1026, was that an ordinance granting permission to an electric light company to maintain its line of wires then being strung along certain designated streets for a period of twenty days only was not a permanent ordinance within the meaning of a general ordinance of the city of Montgomery, requiring the vote of a majority of the members elected to the city council to adopt resolutions or ordinances of a permanent operation, and that, the ordinance in question being passed by a majority of a quorum present, it was a valid enactment. To the same effect, see 2 McQuillin, Municipal Corporations, 427, § 624, and authorities cited in note 61.

■■ Taking the averments of the cross-bill as true, as must be done on demurrer, a quorum of the city council was not present, and the alleged order or resolution is without efficacy to fix a lien upon appellant's property; and, the proceedings appearing regular on their face, constitute a cloud on complainant's title. The first ground of demurrer to the bill was therefore not well taken.

■ There is nothing in the original bill or the cross-bill going to show that there are any infant defendants to the original bill, and therefore the second ground of demurrer is not well taken.

The only other ground of demurrer going to the bill as a whole is the twelfth, which asserts that the proceedings are not subject to collateral attack. Assuming that the attack here is collateral and not direct, at least a debatable question (see Herring v. Ricketts, 101 Ala. 340, 13 So. 502; Fowler et al. v. Fowler, 219 Ala. 453, 122 So. 440; Dady v. Brown, 76 Iowa, 528, 41 N. W. 209), we are of opinion that this ground of demurrer is likewise not well taken. Speaking to this question, the court, in City of Benwood v. Wheeling Railway Co., 53 W. Va. 465, 476, 44 S. E. 271, 276, observed: "The attendance of a quorum is a condition precedent to everything. Until then there is an absolute incapacity to consider or act in any way upon any matter. When the body is so legally convened and constituted, it has power to consider what is within its jurisdiction and authority, and to declare the existence of facts other than the fact of its own existence. Until it comes into existence, it cannot proceed, nor make any record of its proceedings. It has no authority to make a record showing anything. Less than a quorum are without power to act or bind anybody in any matter. Their action, being absolutely void, may be ignored or attacked in any proceeding. The record of a legally constituted tribunal is aided and upheld by a presumption in favor of regularity. Surely, there can be no presumption in favor of a record made by persons who have no shadow of authority to act."

The principle invoked and applied in that case is clearly recognized in the following cases holding that "the rule which declares that parol evidence is inadmissible to vary or contradict a record does not prohibit the introduction of such evidence when the purpose is to show that a paper writing or instrument which purports to be a record in fact is not a record." L. & N. R. Co. v. Malone, 116 Ala. 600, 22 So. 897, 898; Rainey v. Ridgeway et al., 151 Ala. 532, 43 So. 843; Edinburgh-American Land Mtg. Co. v. Canterbury, 169 Ala. 444, 53 So. 823; Leeth v. Kornman, Sawyer & Co., 2 Ala. App. 311, 56 So. 757.

The foregoing is sufficient to indicate that we are of opinion that the cross-bill was not subject to the objections pointed out by grounds 1, 2, and 12 of the demurrer, and, these being the only grounds going to the cross-bill as a whole, that the demurrer was erroneously sustained "to the cross-bill."

Reversed and remanded.

### On Rehearing.

It is urged that, if the court adheres to the pronouncement that parol evidence is admissible to show that the alleged record is a mere spurious unauthorized entry on a record book by a person who had no authority to make the entry, the value of municipal bonds will be injuriously affected. This may be conceded, but to hold otherwise would be to make shipwreck of the law and render the title to real property subject to incumbrance created without the knowledge or consent of the owner, and against which he would have no remedy

at law or in equity, except possibly a suit against the person who made the false entry, which in all probability would be wholly inadequate.

 The cross-bill seeks to vacate and annul the alleged spurious order or resolution appearing on the records of the municipality, and it, of course, has such interest in its records as makes it a necessary party to the cross-bill, but its nonjoinder as a party is the subject of a special demurrer and is not raised by the general demurrer for want of equity. Hall v. Holly (Ala. Sup.) 127 So. 164;[1] Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2; Singo et al. v. Brainard, 173 Ala. 64, 55 So. 603; McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 So. 567.

 This defect in the cross-bill may be cured by proper amendment. Coster's Ex'rs v. Bank of Georgia, 24 Ala. 37; Bell v. McLaughlin, 183 Ala. 548, 62 So. 798.

In Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264, the assessment and the proceedings incident thereto were regular, and the question decided was that the town was not liable for a negligent failure to make a sufficient assessment to meet the obligations.

Here, if the averments of the cross-bill are true, the assessment was not made at all, still the city issued the bonds and received the proceeds thereof, and it may be that it is liable, but this is a question to be determined when properly presented after the municipality has been made a party and had an opportunity to be heard.

 The suggestion that the property owner who does not file objections to such assessment is estopped by the statute (Code 1923, § 2196) to question the legality of the assessment, and may not show that the alleged assessment is not made by the city council, is without merit. The statutory estoppel rests upon the fact that the assessment is made final *by the city council* without objection of the property owner, implying consent thereto. The cases cited as supporting the suggestion clearly recognize this, to quote: "On hearing on demurrer it is assumed, in the absence of express averments to the contrary, that the city's proceedings were under existing statutes relating to municipal improvements and improvement assessments (Code, §§ 1359–1420), *and that the proceedings were regular.*" (Italics supplied.) Grant v. City of Birmingham, 210 Ala. 239, 97 So. 731, 732.

Whether or not the respondent is estopped in fact, under the doctrine of equitable estoppel, or estoppel in pais, is not presented on this record. That is a matter for plea or answer to the cross-bill. Jones & Co. v. Peebles, 130 Ala. 269, 30 So. 564; Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95.

Application overruled.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

On Reconsideration of Application for Rehearing.

FOSTER, J.

 "In this state it is settled that any attempt to impeach and annul a judgment other than by a direct appeal, or by a direct proceeding in the court that rendered the judgment, before the expiration of the term at which it was rendered, is a collateral attack. Friedman v. Shamblin, 117 Ala. 454, 466, 23 So. 821." Johnson v. Johnson, 182 Ala. 376, 385, 62 So. 706, 709; Berry v. Manning, 209 Ala. 587, 96 So. 762; State v. Realty Loan Co., 209 Ala. 559, 562, 96 So. 613; Stovall v. Jasper, 218 Ala. 282, 118 So. 467. "This, of course, does not deny the well-settled jurisdiction of equity to review judgments founded on fraud," etc. Johnson v. Johnson, supra; Berry v. Manning, supra.

In the case of Miller v. Thompson, 209 Ala. 469, 96 So. 481, 482, the Supreme Court on this subject uses the following language: "Whether the attack upon the record and decree of the probate court is direct or collateral is a question discussed in the briefs. We incline to the view that the attack is collateral, for 'any proceeding provided by law for the purpose of avoiding or correcting a judgment is a direct attack, which will be successful upon showing error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power.' Van Fleet on Collateral Attack, § 3, where a suit to quiet title is enumerated as one of a number of familiar instances of collateral attack." See, also, 34 Corpus Juris, 520 et seq.

In the case of Ex parte City Bank & Trust Co., 200 Ala. 440, 76 So. 372, the attack was by motion in the same court to expunge the record.

 Our conclusion is that the relief sought by the cross-bill in this case is a collateral attack upon the records of the city council.

But it is claimed that the so-called minutes are not records and never became such in law, but mere extraneous and spurious matter, and on collateral attack this may be shown. Our inquiry is now therefore directed to that claim.

 Section 1915, Code, requires the city clerk to attend meetings of the council and keep a record of its proceedings. They do not have to be written at the session of the council or during any other time fixed by

law. Any errors in such records may be corrected at any subsequent session of the council. It does not lose control of its minutes by the lapse of any definite time, as with the courts. Anniston v. Davis, 98 Ala. 629, 13 So. 331, 333, 39 Am. St. Rep. 94; 3 A. L. R. 1308, note. And such record is the only evidence of the acts of the council. Ala. City, Gadsden & A. Rwy. Co. v. Gadsden, 185 Ala. 263, 267, 64 So. 91, Ann. Cas. 1916C, 573; Perryman v. Greenville, 51 Ala. 507; Greenville v. Greenville Water Works, 125 Ala. 625, 643, 27 So. 764; Pilcher v. Dothan, 207 Ala. 421, 93 So. 16. And, as said in Anniston v. Davis, supra, "So long as the minutes of the meeting * * * remain as the minutes of the council, they cannot be impeached or varied in a collateral proceeding by parol testimony." And in 2 McQuillin on Municipal Corporations, pp. 499, 500, § 561 (621), it is said: "Records imperatively required by law, made by the proper officers, are conclusive of the facts therein stated, not only upon the corporation, but upon all the world as long as they stand as records. Their accuracy can be contradicted or impeached only in proceedings instituted directly for the purpose and to the end that the record may be corrected. So long as they are in existence and can be produced they are the only competent evidence of the acts of the corporation."

■ If the record does not speak the truth, it should be made to do so, for the council has the right at a subsequent meeting to amend it, and, if the council should fail to do so on proper petition, mandamus will lie to require it. 2 McQuillin on Municipal Corporations (2d Ed.) 658, 628.

In the opinion of Justice Brown there is a quotation from Benwood v. Railway Co., 53 W. Va. 465, 44 S. E. 271, 276, whose language indicates that it may be shown on collateral attack that a quorum was not present, and therefore that what purports to be a quorum was not such in law. In the opinion a distinction is drawn in legal effect between a recital on the records of the conclusion that "a quorum was present," and a recital of the names of those alleged to be present constituting thereby a quorum. It is said that a conclusion so stated may be impeached collaterally, but refers to the case of Shank v. Ravenswood, 43 W. Va. 242, 27 S. E. 223, as holding that: "In the case of an inferior court, board, or body, required to keep a record, the facts essential to give it jurisdiction must appear in its proceedings, else its action will be void and open to attack collaterally; but, if its record states such facts, its jurisdiction will not be open to attack, nor can such facts be disproven in a collateral proceeding." But in the case of Benwood v. Railway Co., supra, it is said: "That a quorum is present must appear upon its record as a fact, and not as a mere conclusion or opinion, and the only way to make it appear as a fact is to set forth on the minutes the names of the persons in attendance. When that is done at the beginning of the session, the status so established is presumed to continue, unless the contrary appears in some way upon the record."

For our purpose it is not necessary to approve the distinction so drawn, and we do not express an opinion respecting it.

■■ Our case is within the rule as quoted from Shank v. Ravenswood, supra, and therefore the conclusion of the court in Benwood v. Railway Co., supra, if correct, would not apply to our case. For the cross-bill avers that some of the members of the council assembled, and that the minutes of the meeting as written on the records showed the names of members of the council as present sufficient to constitute a quorum, but alleged that some of them were in fact not there, but in effect that they approved the proceedings over the telephone, and therefore, the record was false in reciting their presence and in showing the presence of a quorum.

The act of the clerk in writing the minutes was one of his official duties, required of him by law. Appearing in fact upon the proper records, by an officer whose duty it was to make and keep the records, it became in law a record, and it has presumptively remained as such. All this was within his colorable authority, and we think partook of the nature of a record to the extent that it cannot be impeached collaterally. At the time of doing this act, the records were by law due to be in his custody, and had not legally passed out of his control. Certainly, when they pass beyond his custody and control, he has no color of authority. So that, after the journals of the Senate and House are completed and authenticated and filed with the secretary of state, one of the clerks may not add to or take from them, and any such attempt is of no effect on collateral attack. But their recitals as filed in the office of the secretary of state are conclusive on any such attack. Montgomery Beer Bottling Works v. Gaston, 126 Ala. 425, 28 So. 497, 51 L. R. A. 396, 85 Am. St. Rep. 42; State v. Wilson, 123 Ala. 259, 26 So. 482, 45 L. R. A. 772; Ex parte Kelly, 153 Ala. 668, 45 So. 290; Frederick v. Brodie, 148 Ala. 381, 41 So. 180.

The case of Wheeler v. River Falls Power Co., 215 Ala. 665, 111 So. 907, in no respect conflicts with our conclusion. The opinion expressly states that the record of the proceedings of the state board of health showed in its recitals the want of a quorum to transact business.

Our conclusion now is that the decree of the court sustaining the demurrer to the cross-bill was correct. It is therefore ordered that the rehearing be granted, the judgment of reversal be set aside, and that the decree of the

circuit court sustaining demurrer to the cross-bill be affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, THOMAS, and BOULDIN, JJ., concur.

BROWN, J. (dissenting).

The prevailing opinion prepared by my brother, Mr. Justice FOSTER, and adopted by the court, holds in effect that, if the facts alleged in the cross-bill are true, the complaining property owner may appear before the present city council of Florala and have the spurious entries made by the clerk expunged from the minute book, and, if the city council refuses to make the necessary order to that end, it may be compelled to do so by mandamus.

This, to my mind, would leave the bondholder in a situation in which he could have no relief. He is not a necessary party to the proceedings outlined by the majority, and would have no voice therein, although the existence of the resolution of the city council confirming the assessment is essential to the lien sought to be enforced. Certainly, in the absence of such order or resolution of the council, no lien exists. Code 1923, § 2199; Bailey v. Levy, 213 Ala. 80, 104 So. 415; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467; City of Birmingham v. B. B. Hudson, post, p. 332, 132 So. 1.

The reason stated that makes the procedure outlined necessary is that a bill in equity to cancel and remove a cloud from title is a collateral attack on the thing constituting the cloud, that such a proceeding is not a proceeding "provided by law for the purpose of avoiding" such order or resolution.

This conclusion, in my judgment, is unsound.

The purpose of the statute that authorizes the filing of a bill to quiet title is to clear the title of all clouds, and to that end the court is authorized to cancel and annul everything that clouds the title. Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

And, even before the statute was passed authorizing such proceeding, such great jurist as Chief Justice McClellan thought that a bill to remove a cloud from title was a direct attack. I quote from Monroe v. Arthur, 126 Ala. 364, 28 So. 476, 85 Am. St. Rep. 36: "That the conveyance is invalid, and to be so declared upon proper attack, has been determined by this court in the case of Hayes v. Building & Loan Association, 124 Ala. 663, 26 So. 527, 82 Am. St. Rep. 216, and the only question now presented is whether it should have been held void upon the collateral attack made on it in this action. We do not think it should have been so held. The deed was not void on its face, but only because of extrinsic facts resting in parol. These extrinsic facts did not involve any matter for which the execution of the paper could be assailed collaterally, as a mere incident to a proceeding prosecuted for a purpose other than the cancellation of the instrument. In such case the infirmities inhering in the execution of the mortgage can be shown only upon a direct attack on its validity, by which is intended some proceeding begun and prosecuted for the express purpose of having the conveyance adjudged void and canceled,—as, for instance, a bill in chancery setting up the facts as to the notary's incapacity, and praying that the alleged deed be decreed to be surrendered up and canceled, etc.; and, until cancellation is decreed in such or other direct proceeding, the conveyance will be treated by all courts as valid and efficacious."

The act assailed in Monroe v. Arthur, supra, the taking of the acknowledgments, was, as is well settled in Alabama, a judicial act, and there would be as much reason in saying that the party affected must first apply to the notary to annul the acknowledgment, as here to say that the cross-complainant must first apply to the city council to strike from its minutes a spurious and unauthorized entry.

The authorities are agreed that any proceeding provided by law for avoiding a judgment or order of a judicial officer or body is a direct attack. Miller v. Thompson, 209 Ala. 469, 96 So. 481, cited by the majority; Fowler v. Fowler, 219 Ala. 453, 122 So. 440; Van Fleet on Collateral Attack, § 2.

"Equity will ordinarily grant relief against an assessment by vacating it or setting it aside or enjoining its enforcement where the assessment or steps taken in conformity therewith constitute a cloud on the title of the property assessed." 44 C. J. 750, § 3296.

In such proceeding in equity all parties interested may be brought before the court, and the equities of the bondholder protected. Hayes v. Building & Loan Association, 124 Ala. 663, 26 So. 527, 82 Am. St. Rep. 216.

Another thought stressed in the prevailing opinion is that the entry was made by the clerk of the city council in the regular minute book, though the entry was not authorized by the city council, the clerk had authority to enter the minutes generally, and therefore the entry in question is not subject to collateral attack.

It is well settled that an entry so made by the clerk of a court, not under the supervision of the court legally organized, is absolutely void. Wynn et al. v. McCraney et al., 156 Ala. 630, 46 So. 854; Hodo v. State, 156 Ala. 43, 47 So. 134; Adams v. Wright, 129 Ala. 305, 30 So. 574.

The prevailing opinion assumes that the thing attacked by the cross-bill is a record,

and applies to it the principles applicable to judgments and decrees.

For the foregoing reasons and those stated in the opinions heretofore promulgated, I respectfully dissent.