Mr. Joseph C. Shoemaker Leesburg City Attorney Post Office Box 491357 Leesburg, Florida 34749-1357
Dear Mr. Shoemaker:
On behalf of the Leesburg Regional Airport Authority, you ask the following question:
May the Leesburg Regional Airport Authority conduct discussions/meetings over the Internet where such discussions/meetings are noticed to the general public, viewable by the general public, open to input by the general public, and recorded for public inspection?
In sum:
Airport authority members may conduct informal discussions and workshops over the Internet, provided proper notice is given, and interactive access by members of the public is provided. Such interactive access must include not only public access via the Internet but also designated places within the authority boundaries where the airport authority makes computers with Internet access available to members of the public who may not otherwise have Internet access. Notice of such discussions and workshops should include the locations where such computers with Internet access will be located. For meetings, however, where a quorum is necessary for action to be taken, physical presence of the members making up the quorum would be required in the absence of a statute providing otherwise. Internet access to such meetings, however, may still be offered to provide greater public access.
Section 286.011, Florida Statutes, Florida's Government in the Sunshine Law, provides a right of access to government proceedings at both the state and local levels.[1] As a statute enacted in the public interest to protect the public from "closed door" politics, the Sunshine Law must be broadly construed to effect its remedial and protective purpose.[2]
A fundamental requirement of the Sunshine Law is that meetings of entities covered by the Sunshine Law be "open to the public." The term "open to the public" as used in section 286.011, Florida Statutes, means open to all persons who choose to attend.[3] In addition, the courts of this state have held that the Sunshine Law extends to discussions and deliberations as well as formal actions taken by a public board or commission.[4] Thus, informal discussions held by airport authority members regarding authority business are subject to the requirements of section 286.011, Florida Statutes.
While members of the airport authority would not appear to be precluded from utilizing the Internet to conduct informal discussions, such discussions which are subject to the Sunshine Law must be accessible by the public.[5] The airport authority, therefore, must ensure access is provided to all members of the public who wish to attend such discussions.
Thus, access must be available not only to those members of the public possessing a computer with Internet access but also to those who may not have access to the Internet. The airport authority, therefore, would be required to designate places within the authority boundaries where it will make available computers with Internet access to members of the public who wish to participate in such discussions. The notice of such discussions, required under the Sunshine Law, should include the locations where such computers with Internet access will be located.
For meetings, however, where a quorum is required, this office, in an informal opinion to the Town of Gulf Stream,[6] stated that while the town may not be subject to a statutorily imposed requirement that the governing body meet at a public place in the town, concerns about the validity of official actions taken by a public body when less than a quorum is present argue for a very conservative reading of the statute. This office has concluded that, in the absence of a statute to the contrary, the requisite number of members must be physically present at the meeting in order to constitute a quorum.[7]
While a quorum is not required for a meeting to be subject to section 286.011, Florida Statutes,[8] to the extent that the airport authority is required to have a quorum in order to conduct official business, it appears that the members of the authority would, in the absence of a statute to the contrary, have to be physically present in order to constitute a quorum.[9] Nothing, however, prevents the airport authority from also broadcasting the meeting via the Internet.
Accordingly, I am of the opinion that airport authority members may conduct informal discussions and workshops over the Internet provided proper notice is given and interactive access to members of the public is provided. Such interactive access must include not only public access via the Internet but also designated places within the authority boundaries where the airport authority makes computers with Internet access available to members of the public who may not otherwise have computers with Internet access. Notice of such discussions should include the locations where such computers with Internet access will be available. For meetings, however, where a quorum is necessary for action to be taken, physical presence of the members making up the quorum would be required in the absence of a statute providing otherwise. Internet access to such meetings, however, may still be offered to provide greater public access.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] A right of access to meetings of collegial public bodies is also recognized in the Florida Constitution. See, Art. I, s. 24, Fla. Const. And see, Frankenmuth Mutual Insurance Company v.Magaha, 769 So.2d 1012, 1021 (Fla. 2000), noting that the Sunshine Law "is of both constitutional and statutory dimension."
[2] See, Wood v. Marston, 442 So.2d 934, 938 (Fla. 1983);Canney v. Board of Public Instruction of Alachua County,278 So.2d 260 (Fla. 1973); Board of Public Instruction of Broward Countyv. Doran, 224 So.2d 693 (Fla. 1969).
[3] See, e.g., Op. Att'y Gen. Fla. 99-53 (1999).
[4] See, Hough v. Stembridge, 278 So.2d 288 (Fla. 3d DCA 1973) (Sunshine Law applies to any gathering, whether formal or casual, of two or more members of the same board or commission to discuss some matter on which foreseeable action will be taken by the board or commission).
[5] See, Op. Att'y Gen. Fla. 89-39 (1989), stating that a board of county commissioners may use a computer network in the course of their official business; however, any discussions between the members of the board via computer on issues pending before the board would be subject to the provisions of s. 286.011, Fla. Stat.
[6] Informal Op. to John C. Randolph, dated November 24, 1997.
[7] See, e.g., Ops. Att'y Gen. Fla. 83-100 (1983), and 89-39 (1989), quoting 62 C.J.S. Municipal Corporations s. 399 which provides:
"In order to constitute a quorum the requisite number of members must be actually present at the meeting and the requisite number cannot be made up by telephoning absent members and obtaining their vote over the telephone."
Cf., Penton v. Brown-Crummer Inv. Co., 131 So. 14 (Ala. 1930) (where there was no quorum present at meeting of city council, but resolution was attempted to be passed by calling up absent members over the telephone, resolution of city council was ineffective);Fargnoli v. Cianci, 397 A.2d 68 (R.I. 1979) (in determining whether "quorum" was present at city council meeting, it was error to include member who was not physically present).
[8] See, n. 4, supra.
[9] See, Op. Att'y Gen. Fla. 98-28 (1998), recognizing that the authorization in s. 120.54(5)(b)2., Fla. Stat., for the use of communications media technology to conduct meetings applied only to state agencies.