Mr. Murray H. Dubbin Miami Beach City Attorney 1700 Convention Center Drive Fourth Floor Miami Beach, Florida 33139
Dear Mr. Dubbin:
You have asked for my opinion on the following question:
May physically disabled members of a city board specifically created to address the needs of disabled persons participate and vote on board matters by electronic means, thereby dispensing with the requirement that a quorum be physically present at board meetings?
In sum:
Physically-disabled members of the City of Miami Beach Barrier-free Environment Committee may participate and vote on board matters by electronic means if they are unable to attend a public meeting so long as a quorum of the members of the board is physically present at the meeting site.
Section 286.011(1), Florida Statutes, Florida's Government-in-the- Sunshine Law, provides:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."
On a number of occasions this office has opined regarding the practice of conducting public business by electronic means and the compliance of this practice with the Sunshine Law. In Attorney General's Opinion 92-44, the issue was whether a county commissioner who was physically unable to attend a commission meeting because of her medical treatment could vote in commission meetings by using an interactive video and telephone system. This system allowed the commissioner to see the other members of the board and the audience at the meeting and the board and audience could see her. Of particular concern in resolving this matter was the statutory requirement that meetings of the county commission be held in a public place in the county and that this requirement necessitated the attendance of a quorum of the commission at the designated public forum. With assurances that a quorum of the members of the county commission would be present at the public place, this office concluded that a county commissioner who was unable to attend a commission meeting because of a serious medical condition could participate and vote in commission meetings by using an interactive video and telephone system without violating the Sunshine Law.
Subsequently, in Attorney General's Opinion 94-55, this office received a request from a city and the board of trustees of a public museum asking whether a member of the board of trustees could participate in public meetings through the use of a telephone. Again, the situation involved a quorum being present at the public meeting, although no statute required the presence of a quorum at these meetings. Further, the member who was requesting to participate by telephone had health problems that precluded his attendance at the publicly designated meeting place. Under these circumstances this office determined that a member of the board of trustees of this public body could participate in board meetings by telephone and comply with the requirements of the Government in the Sunshine Law.
In Attorney General's Opinion 98-28, the most recent opinion to consider these issues, the question was whether a school board member could attend and participate in board meetings by use of electronic media. The opinion noted that state agencies and their boards and commissions are authorized by Chapter 120, Florida Statutes, to adopt rules providing procedures for conducting public meetings, hearings, and workshops, in person and by means of communications media technology.[1] Although school boards are agencies for purposes of Chapter 120, Florida Statutes, they are not "state agencies" and may not rely on the terms of section 120.54(5)(b)2., Florida Statutes, for authority to conduct meetings by means of communications media technology.
The opinion recognizes the rationale behind statutory authorization for state agency use, as contrasted with local agency utilization, of communications media technology for conducting meetings:
"Allowing state agencies and their boards and commissions to conduct meetings via communications media technology under specific guidelines recognizes the practicality of members from throughout the state participating in meetings of the board or commission. While the convenience and cost savings of allowing members from diverse geographical areas to meet electronically might be attractive to a local board or commission such as a school board, the representation on a school board is local and such factors would not by themselves appear to justify or allow the use of electronic media technology in order to assemble the members for a meeting."
In addition to the consideration of local representation, the opinion recognizes that school boards operate under a quorum requirement analogous to the requirement in Chapter 125, Florida Statutes, that meetings of the county commission be held at an appropriate place in the county.[2]
The Barrier-free Environment Committee of the City of Miami Beach is created by ordinance.[3] The purpose of the committee is to "review, formulate and coordinate information, suggestions, proposals and plans and to address complaints from the general public to provide more conveniently accessible facilities, public buildings, streets, sidewalks and programs for the persons with disabilities in the city."[4] The committee provides accessibility-related input to a number of departments within city government.[5]
The committee is composed of seven voting members and six nonvoting exofficio members. In making appointments to the committee, consideration must be given but is not limited to certain designated groups:
"[P]ersons having mobility impairment; deaf and/or hard-of-hearing persons in the community; blind and/or vision-impaired persons in the community; mental, cognitive or developmental disabilities; children with developmental disabilities; children with physical disabilities; and the industries of tourism and convention, retail, hospitality (restaurant or hotel), and health care (or rehabilitation)."[6]
Thus, persons with disabilities and those in the tourism, retail, hospitality and health care industries are to be considered for appointment to the Barrier-free Environment Committee.
The city code provides that certain general administrative requirements apply to all agencies, boards and committees of the city.[7] Included among these requirements is section 2-22(10), which states:
"During meetings, a standard sign-in register must be completed by members of agencies, boards or committees. If there is not a quorum to conduct agency, board or committee business, attendance and absences must otherwise be recorded."
In addition, section 2-22(11) of the city code provides that "[a]ttendance shall be recorded when an individual arrives within 30 minutes of the scheduled meeting time and remains for at least 70 percent of the meeting." If any board or committee member fails to attend 33 percent of the regularly scheduled meetings in a calendar year, the code contains a provision for automatic removal of that member.[8]
These requirements for the physical presence of members of boards or committees of the City of Miami Beach at meetings are analogous to the statutory requirement that meetings of the county commission be held at an appropriate place in the county. Clearly a quorum is required to conduct agency, board or committee business and the code contemplates the physical presence of board members at public meetings.
This office has been reluctant to extend the participation in public meetings of public officials by electronic means to situations other than those involving a serious medical condition and the presence otherwise of a quorum at the public meeting place. While the City of Miami Beach may not be subject to a statutorily imposed requirement for the physical presence of a quorum at meetings such as that present in section 125.001, Florida Statutes, the code of ordinances reflects such a requirement. Concerns about the validity of official actions taken by a public body when less than a quorum is present argue for a very conservative reading of these provisions. This office has concluded that, in the absence of a statute to the contrary, the requisite number of members must be physically present at a meeting in order to constitute a quorum.[9]
I would note that this office in Attorney General's Opinion 2001-66 did conclude that local governmental entities may conduct informal discussions and workshops over the Internet, provided proper notice is given and interactive access by members of the public is provided. Interactive access as contemplated by the opinion must include not only public access via the Internet but also the designation of places within the jurisdictional boundaries of the governmental entity where computers with Internet access are available for use by members of the public who may not otherwise have Internet access. Notice of such discussions and workshops should include the locations where the computers with Internet access are located. However, that opinion specifically recognizes that where a quorum is necessary for action to be taken, physical presence of the members making up the quorum is required in the absence of a statute providing otherwise.
Accordingly, it is my opinion that physically-disabled members of the City of Miami Beach Barrier-free Environment Committee may participate and vote on board matters by electronic means if they are unable to attend as long as a quorum of the members of the board is physically present at the meeting site.
Sincerely,
Richard E. Doran Attorney General
RED/twd
[1] See, s. 120.54(5)(b)2., Fla. Stat.
[2] See, section 125.001, Fla. Stat., providing that "[u]pon the giving of due public notice, regular and special meetings of the board may be held at any appropriate public place in the county."
[3] Section 2-31, Miami Beach City Code.
[4] Section 2-31(b), Miami Beach City Code.
[5] See, s. 2-31(b), Miami Beach City Code, authorizing the barrier-free environment committee to provide accessibility-related input to the building services department, recreation department, culture and parks department, the police department and code compliance department.
[6] Section 2-31(d), Miami Beach City Code.
[7] See, s. 2-21, Miami Beach City Code.
[8] Section 2-22(9), Miami Beach City Code.
[9] See, e.g., Ops. Att'y Gen. Fla. 83-100 (1983), and 89-39 (1989), quoting 62 C.J.S. Municipal Corporations s. 399 which provides:
"In order to constitute a quorum the requisite number of members must be actually present at the meeting and the requisite number cannot be made up by telephoning absent members and obtaining their vote over the telephone."
Cf., Penton v. Brown-Crummer Inv. Co., 131 So. 14 (Ala. 1930) (where there was no quorum present at meeting of city council, but resolution was attempted to be passed by calling up absent members over the telephone, resolution of city council was ineffective); Fargnoli v.Cianci, 397 A.2d 68 (R.I. 1979) (in determining whether "quorum" was present at city council meeting, it was error to include member who was not physically present).