Mr. Sidney R. Payne Chair, Tampa Human Rights Board 102 East 7th Avenue Tampa, Florida 33602
Dear Mr. Payne:
On behalf of the City of Tampa Human Rights Board, you ask substantially the following question:
May a member of the human rights board who is physically absent from a board meeting because of a scheduling conflict participate in the meeting by means of a telephone conference when a quorum of the members of the board is physically present at the meeting?
Section 286.011(1), Florida Statutes, Florida's Government-in-the-Sunshine Law, provides:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."
This office has been asked on several occasions to provide assistance to local governmental boards or commissions regarding the participation of its members in a public meeting through use of telecommunications media and the compliance of such meetings with the Government-in-the-Sunshine Law. In Attorney General's Opinion 92-44, this office concluded that a county commissioner who was physically unable to attend a commission meeting because of medical treatment could participate in the meeting by using an interactive video and telephone system that allowed her to see the other members of the board and the audience at the meeting and that allowed the board and audience to see her. This office recognized that section 125.001, Florida Statutes, required that meetings of the county commission be held in a public place in the county but noted that a quorum of the members of the county commission would be present at the public place.[1]
A similar conclusion was reached in Attorney General's Opinion 98-28, which concluded that a district school board could use electronic media technology in order to allow a physically absent member to attend a public meeting if a quorum of the members of the board is physically present at the meeting site. More recently, in Attorney General Opinion 02-82, this office concluded that physically-disabled members of the City of Miami Beach Barrier-free Environment Committee could participate and vote on board matters by electronic means if they are unable to attend, as long as a quorum of the members of the board is physically present at the meeting site.[2]
The City of Tampa Human Rights Board was created by ordinance to, among other things, receive and initiate complaints alleging violations of the city's human rights ordinance, which prohibits discrimination in employment, housing and public accommodations based on race, color, religion, national origin, sex, sexual orientation, age, handicap, familial status, or marital status.[3] As a public board created by ordinance to carry out a governmental purpose, the board is clearly subject to the Government-in-the-Sunshine Law.[4]
According to your letter, regular board meetings are held once every two months, with special meetings called by the board chair. You state that the rules of the board provide that its meetings are to be held at the city's Office of Community Relations. Such a requirement would appear to be analogous to the statutory requirements that meetings of the county commission or the school board be held at an appropriate place in the county.[5] Thus, the code clearly contemplates the physical presence of board members at public meetings.
You state that a quorum of the board would be physically present at the meeting. The member who wishes to participate by telephone conference cannot physically attend the meeting, due not to illness but rather to a scheduling conflict.
You note the reluctance of this office to extend public officials' participation in public meetings by electronic means to situations other than those involving a serious medical condition and the presence otherwise of a quorum at the public meeting place. For example, in Attorney General Opinion 98-28, this office noted that state agencies and their boards and commissions are authorized by Chapter 120, Florida Statutes, to adopt rules providing procedures for conducting public meetings by means of communications media technology.[6] The opinion recognized the rationale behind statutory authorization for state agency use, as contrasted with local agency utilization, of communications media technology for conducting meetings:
Allowing state agencies and their boards and commissions to conduct meetings via communications media technology under specific guidelines recognizes the practicality of members from throughout the state participating in meetings of the board or commission. While the convenience and cost savings of allowing members from diverse geographical areas to meet electronically might be attractive to a local board or commission such as a school board, the representation on a school board is local and such factors would not by themselves appear to justify or allow the use of electronic media technology in order to assemble the members for a meeting.
Concerns about the validity of official actions taken by a public body when less than a quorum is present argue for a very conservative reading of the statutes. Thus, this office has concluded that, in the absence of a statute to the contrary, a quorum of the members must be physically present at a meeting in order to take action.[7]
Where, as here, the statute or rules contemplate that the meeting will be held in a public place with the members physically present, this office has considered the participation of an absent member by telephone conference or other interactive electronic technology permissible when such absence is due to extraordinary circumstances such as illness. To conclude otherwise would alter the intent and purpose of such a statute or rule.
Accordingly, it is my opinion that where a rule or statute contemplates that a meeting will be held in a public place with the members physically present, the participation of an absent member in the meeting by telephone conference should be permitted only in extraordinary circumstances and when a quorum of the board members is physically present at the meeting. Whether the absence of a member due to a scheduling conflict constitutes such a circumstance is a determination that must be made in the good judgement of the board.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] And see, Op. Att'y Gen. Fla. 94-55 (1994), in which this office concluded that a member of the board of trustees of a public museum could participate in public meetings through the use of a telephone when a quorum of the board was physically present at the public meeting. The member who was requesting to participate by telephone had health problems that precluded his attendance at the publicly designated meeting place.
[2] The Barrier-free Environment Committee was created by ordinance for the purpose of providing accessibility-related input to a number of departments within city government. This office concluded that the city code contemplated the physical presence of board members at public meetings.
[3] Section 12-5, City of Tampa Code.
[4] See, e.g., City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971) (Sunshine law applies to any board or commission or any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision).
[5] See, s. 125.001 and s. 1001.372(2), Fla. Stat., respectively.
[6] See, s. 120.54(5)(b)2., Fla. Stat.
[7] See, e.g., Ops. Att'y Gen. Fla. 83-100 (1983), and 89-39 (1989), quoting 62 C.J.S. Municipal Corporations s. 399, p. 757, which provides:
"In order to constitute a quorum the requisite number of members must be actually present at the meeting and the requisite number cannot be made up by telephoning absent members and obtaining their vote over the telephone."
Cf., Penton v. Brown-Crummer Inv. Co., 131 So. 14 (Ala. 1930) (where there was no quorum present at meeting of city council, but resolution was attempted to be passed by calling up absent members over the telephone, resolution of city council was ineffective); Fargnoli v.Cianci, 397 A.2d 68 (R.I. 1979) (in determining whether "quorum" was present at city council meeting, it was error to include member who was not physically present).