## Commonwealth ex. rel., Appellant, *v.* Garvey.

*Boroughs—Councils—Meeting—Election—Borough treasurer.*

Where eight members of a borough council assemble in the same room,
and before any organization is effected, and while all are engaged in a
disorderly scramble to effect an organization, four of the members,
apart from the others, go through the form of an election for a borough
treasurer, the person so elected has no title to the office.

Submitted Feb. 26, 1907.    Appeal, No. 12, Jan. T., 1907, by
plaintiff, from judgment of C. P. Lackawanna Co., Sept. T.
1906, No. 1,036, for defendant on case tried by the court with-
out a jury, in case of Commonwealth ex rel. I. F. Price v. M. J.
Garvey.    Before FELL, BROWN, MESTREZAT, POTTER and STEW-
ART, JJ.    Affirmed.

Petition for mandamus.   Before KELLEY, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of the court.

*A. A. Vosburg* and *C. W. Dawson*, for appellant.

*John H. Bonner*, for appellee.

PER CURIAM, April 1, 1907:

This case was tried in the common pleas with the case of another claimant to the office of treasurer of the borough of Moosic.   In the opinion filed in that case, but covering both cases, it was said in relation to the relator in this: " As far as Mr. Price's claim is concerned, it is sufficient to say that he never was elected by either a de jure or a de facto borough council.   He does not claim by virtue of his election at the meeting of the so-called Price council held on March 5, 1906, but claims under an election held on July 2, 1906.   As we have stated in our seventh finding of fact, there was no valid meeting held on that date at which he was elected.   Only four members of the council participated in any degree in any proceedings of the meeting in which he was chosen, viz. : Anthony, Woodbine, Broadhead and Scznyter.   Sheehan, Moran, Cotter and Decker, the other four legal members of the council, took no part in it whatever.   They were not even present at the meeting, legally speaking, but were merely physically present in the same room while part of it was being held.   They were, under the uncontradicted evidence, engaged in holding a council meeting with Sanderson and one Martin present and participating when the other four councilmen came into the hall and attempted to take charge and effect an organization by counting them as present and thus getting a quorum.   They immediately adjourned and left the hall when the members of the Price council began to hold a meeting.   The situation of affairs during the first few moments was that both parties were trying to do business at the same time.   Under such circumstances there was no warrant or authority of law to note the presence of Sheehan and his associates at the alleged meeting of council which elected Mr. Price as treasurer.   It was an

undignified scramble to effect an organization, but it was not successful."

For the reasons stated in the opinion of the learned judge of the common pleas, the decree is affirmed at the cost of the appellant.