## Commonwealth, ex rel., v. Hill

*Daniel W. Kearney*, for petitioners; *Fred B. Moser*, contra.

MORGANROTH, P. J., March 6, 1934.—The council of the Borough of Shamokin consists of 20 members; two councilmen are elected in each of the 10 wards of the said borough. On January 11, 1934, Scott Boyd, a councilman from the first ward, resigned, and at the stated meeting of the council, on February 6, 1934, Ray Hill, the above-named defendant, was elected by the members of council in attendance at that meeting and sworn as a member of the body. But 10 members of council were present at the meeting. A writ of quo warranto was awarded, and the said defendant, Ray Hill, was summoned to appear and show by what authority and warrant he claims to have, use, and enjoy the office of councilman, and to show cause why he should not be ousted therefrom. An answer was filed and testimony taken.

The question for determination is whether or not 10 of the 20 councilmen constitute a quorum, and must be resolved in the negative. The opinion of the learned Judge Sadler in Lemoyne Borough Councilmen, 15 Dist. R. 241, and the cases therein cited, state the law with finality. See also Commonwealth ex rel. v. Garvey, 217 Pa. 425; Commonwealth ex rel. v. Fleming, 23 Pa. Superior Ct. 404; Commonwealth ex rel. v. Lefevre, 13 Lanc. 121.

The defendant contends that because nine members of the council by a concerted action, or "conspiracy", remained away from the meeting on February 6th, and thus caused the absence of a quorum, the writ of quo warranto should be dismissed, and cites Commonwealth ex rel. v. Snyder, 294 Pa. 555, 562. With this contention we cannot agree. In the Snyder case, it was intimated that had fraud, illegal conspiracy, bribery and corrupt solicitation been proven on the part of the commissioners who had elected the defendant Snyder, the court might have ousted the officer elected.

In the instant case, the alleged illegal conspiracy was the action of nine members of council who absented themselves from the meeting. Even were it proven that these councilmen designedly and purposely remained away, or conspired so to do, the law provides a proper remedy to declare their seats vacant for a continued failure to attend meetings; and if they were guilty of conspiracy, which was charged but not proven, or any other misdemeanor, for such crimes penalties are provided. This, however, is not the question before us. The only issue in this proceeding, as we have already indicated, is what constitutes a quorum. Acts of omission or commission on the part of those who remained away, whether they were right or wrong in such actions, would not validate an election or other business transacted by councilmen meeting without a quorum present.

And now, to wit, March 6, 1934, for the reasons herein above given, it is decreed that the said defendant, Ray Hill, has no authority or warrant to have,

use, and enjoy the office of councilman of the Borough of Shamokin, and the seat of the said Ray Hill as a member of the said council of the Borough of Shamokin is herewith declared vacant.