## Commonwealth ex rel. v. Sullivan

*W. L. Pace*, for relator.

*William A. Valentine* and *William A. O'Connor*, for defendant.

FARRELL, J., October 3, 1938.—This case was heard by the undersigned judge without a jury by agreement of counsel, duly filed, under the Act of 1874.

There is no essential fact in dispute.

Duryea Borough's full council consists of 10 members, two from each of five wards. One of the 10, Frank Keller, died August 21, 1938. Notices were duly mailed that

a regular meeting of council would be held September 6th. At this meeting only five members appeared, held a meeting, and all five voted for Joseph Sullivan, defendant, to fill the vacancy caused by Keller's death.

The quo warranto attacks defendant's right to the office because, as contended, the meeting of September 6th by five members was illegal and the election of Sullivan invalid.

It is not necessary to decide whether the alleged meeting was a regular (stated) meeting or a special one. The sole question of law is whether five was a lawful quorum.

If this were an open question we might be impressed by the argument of defendant's counsel that in this case a lawful quorum is the majority of nine, the number of councilmen remaining after Keller's death, instead of a majority of the full council of 10. But the specific question has been decided otherwise by our lower courts; and in principle the question has been likewise decided by our Supreme Court.

The General Borough Act of May 4, 1927, P. L. 519, sec. 1006, in prescribing the duties and powers of the council says, "a majority of whom shall be a quorum". This means a majority of the whole council, in this case six, the full council consisting of 10. No fewer than six could hold a lawful meeting and transact business.

In the case of Commonwealth ex rel. v. Hill, 11 Northumb. 361, this exact point was decided. It was the case of an election of a councilman by Shamokin Borough Council to fill a vacancy, the full membership of council being 20. Ten out of the remaining 19 held a meeting and all 10 voted for Hill, the respondent. The court in a per curiam opinion said (p. 362):

"The question for determination is whether or not ten of the twenty councilmen constitute a quorum, and must be resolved in the negative. The opinion of the learned Judge Sadler in Lemoyne Borough Councilmen, 15 Dist. Reports, 241, and the cases therein cited, state the law with finality. See also Commonwealth ex rel., v. Garvey,

217 Pa., 425; Commonwealth ex rel., v. Fleming, 23 Super. Ct., 404; Commonwealth ex rel., v. LeFevre, 13 Lancaster Law Review 121.

"The defendant contends that because nine members of the council by a concerted action, or 'conspiracy,' remained away from the meeting on February 6th and thus caused the absence of a quorum, the writ of quo warranto should be dismissed and cites Commonwealth ex rel., v. Snyder, 294 Pa. 555, at page 562. With this contention we cannot agree. In the Snyder case it was intimated that had fraud, illegal conspiracy, bribery and corrupt solicitation been proven on the part of the commissioners who had elected the defendant Snyder, the court might have ousted the officer elected."

The opinion of Judge Sadler, of Cumberland County court, afterwards a member of the Supreme Court bench, in Lemoyne Borough Councilmen, 15 Dist. R. 241, is exhaustive and convincing. Judge Sadler quotes a Supreme Court decision in Commonwealth ex rel. v. Read, 2 Ashm. 261, which held (p. 273): "to make such an election effective, a quorum of the elective body must be present".

In Wells Township School District's Directors, 297 Pa. 242, Mr. Justice Kephart, now Chief Justice, said (p. 245):

"Under the School Code, a quorum must always consist of a majority of the total number constituting the membership. A statutory quorum cannot be changed by a reduction of the number by vacancies: Craig v. First Presbyterian Church, 88 Pa. 42; United States v. Ballin, 144 U. S. 1; 2 Dillon, Municipal Corp. (5th ed.) 521, 530."

The principle is the same in the instant case.

We hold the attempted election of Sullivan invalid.

Judgment is therefore entered in favor of the Commonwealth, and it is further ordered and adjudged that defendant, Joseph Sullivan, be ousted and altogether excluded from the office of Councilman of the Borough of Duryea, and that he pay the costs of this proceeding.