## Commonwealth ex rel. *v.* Bennett, Appellant.

*Public officers—Incompatible offices—City of third class—Council-man—Registrar of vital statistics.*

1. The office of local registrar of vital statistics created by the Act of May 1, 1905, P. L. 330, is incompatible with the office of councilman of a city of the third class.

2. Under sec. 1 of art. IV of the Act of May 23, 1889, P. L. 277, relating to the government of cities of the third class, a member of councils forfeits his councilmanic place if he continues to hold another and incompatible office.

In such a case the court of common pleas has jurisdiction, in a quo warranto proceeding, to declare an ouster.

Submitted May 22, 1911. Appeal, No. 143, Jan. T., 1911, by defendant, from decree of C. P. York Co., April

Term, 1911, No. 106, awarding judgment of ouster in case of Commonwealth ex rel. R. P. Sherwood, District Attorney v. J. H. Bennett. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Quo warranto. Before BITTENGER, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of ouster.

*John L. Rouse* and *N. Sargent Ross*, for appellant.— Council itself is the exclusive judge of the right of one of its members to hold an alleged incompatible office: Com. ex rel. Field v. Barger, 20 Leg. Int. 101; Auchenbach v. Seibert, 120 Pa. 159.

The rule laid down in Com. ex rel. Ryan v. Haeseler, 161 Pa. 92, to the effect that quo warranto is the proper remedy to determine the incompatibility of two offices, has no application to the case at bar. The offices are not incompatible: House of Refuge v. Luzerne County, 215 Pa. 429; Com. v. Binns, 17 S. & R. 219.

*V. K. Keesey* and *J. S. Black*, for appellee.—The offices are incompatible: Riddle v. Bedford County, 7 S. & R. 386; Com. v. Christian, 9 Phila. 556; Bradford v. Justices of Inferior Court, 33 Ga. 332; United States v. Maurice, 2 Brock. 96; State v. Board of Public Works, 17 Atl. Repr. 112; State v. Valle, 41 Mo. 29; United States v. Hartwell, 73 U. S. 385.

Quo warranto is the proper method of determining whether or not two offices are incompatible: DeTurk v. Com., 129 Pa. 151; Com. v. Haeseler, 161 Pa. 92. When an act of assembly declares that in certain contingencies a member of councils shall forfeit his seat, the courts have jurisdiction: Com. v. Allen, 70 Pa. 465; Com. v. DeCamp, 177 Pa. 112; Com. v. Witman, 217 Pa. 411.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1912:

The defendant, J. H. Bennett, was elected to councils

in the city of York in April, 1905, and re-elected in 1907 and 1909, and he was appointed to the office of local registrar of vital statistics on November 1, 1905, under the Act of May 1, 1905, P. L. 330. The district attorney filed a suggestion for a writ of quo warranto praying that the defendant be required to show by what authority he exercised the former office. The defendant admitted that he held both places, but contended that the latter position was that of a mere agent or employee of the state board of health and that it did not constitute an office. Further, that as the head of the sanitary committee of councils he was the principal health officer of the city; that said committee received registrations of births and deaths under the city ordinances, and as chairman he had general supervision of the compilation and tabulation of the records. The return was demurred to, the court below decided that a local registrar of vital statistics was an officer of the state and that the defendant was ineligible to sit in councils while holding that office. A decree was entered requiring the defendant to elect forthwith which place he would hold, and that upon such election judgment of ouster should be entered accordingly, or upon neglect or refusal to make an election defendant should be ousted from the office of common councilman. The defendant has appealed, and in addition to the positions assumed in his answer he now contends that the city councils are the sole tribunal designated by law to determine his qualifications as a member of that body and that the court was therefore without jurisdiction.

Section 1 of art. IV of the Act of May 23, 1889, P. L. 277, for the incorporation and government of cities of the third class, provides: "No officer . . . . of the State. . . . nor any municipal or county officer or employee of the city or of any department thereof, shall serve as a member of councils during his continuance in such office or employment." We construe this act to mean that a member of councils shall forfeit his councilmanic place if he continues to hold another and incompatible office. The court be-

low properly decided that the offices held by the defendant were incompatible, and we are not impressed with the contention that sec. 4 of the Act of May 1, 1905, P. L. 330, serves as a warrant to him for holding the two positions at one and the same time.

In Commonwealth v. Allen et al., 70 Pa. 465, a member of councils was ousted on a writ of quo warranto, and we held that the court had jurisdiction in the premises. Mr. Justice AGNEW there said: "We cannot doubt the jurisdiction of the court in this case. There is no true analogy between the State Legislature and the councils of a city. . . . Hence all those decisions which evince the unwillingness of courts to interfere with the members of the Legislature have no place. . . . The right of this court to issue the writ of quo warranto to determine questions of usurpation and forfeiture of office . . . . cannot be questioned. . . . The cases cited by the defense against the exercise of the power by quo warranto to remove one who has forfeited an office, have little weight. The Commonwealth ex rel. Duffield v. Loughlin (20 Leg. Int. 100), was an application for a mandamus to restore Duffield to a seat in councils, after the common council had removed him for cause. The council had judged and determined the case, and this court refused to rejudge it, . . . . This is no authority against the power of the court to remove one who has forfeited his seat by a violation of law, which the council has neglected or refused to redress. The Commonwealth v. Barger (20 Leg. Int. 101), was a case of a motion for a quo warranto founded on the provision of the city charter that 'no member of the State Legislature shall be eligible as a member of council.' Says the opinion: 'This law is express that one who is a member of the Legislature cannot be elected to council; but does not say that a councilman, on becoming a member of the Legislature, loses his seat in council.' The latter question the court declined to decide and refused the motion. It is evident that the mind from which the opinion emanated was laboring under the impressions pro-

duced in writing the opinion in Duffield's case, which is referred to, but which has no possible reference to such a case as that now before us. . . .   What obstacle, then, does the city charter oppose to the authority of the court; it is said that councils have power in like manner as each branch of the Legislature to judge and determine the qualifications of their members.   Granting that, it does not follow that the authority of the court is taken away to inquire into a forfeiture which does not take place until the member has been admitted to his seat. . . . Conceding that the power to inquire into the qualification of a member implies a power to declare his disqualification, the omission of the council to make the inquiry is not a bar to legal proceedings. . . .   The offense, beginning only when the member unites in himself the double relation, is continuing in its nature. . . .   When an actual forfeiture takes place by the union of the relations . . . . if the councils fail to inquire . . . . what clause of the charter or what principle of law robs the court of its necessary jurisdiction to inquire into the violation of the law and oust the sitting member from the seat which he no longer rightfully holds?   The whole argument against the power of the court is in effect to declare councils superior to the law.   But the law which declares the forfeiture is the true superior, and no omission or device of councils can retain a member in his seat who has forfeited it."   Also see Com. ex rel. v. DeCamp, 177 Pa. 112; Com. v. Witman, 217 Pa. 411.

The earlier decisions depended upon by the appellant are expressly distinguished in Com. v. Allen, supra; that case fixes the rule that when the law declares a forfeiture of the office of councilman, the facts being proved, a court has jurisdiction, in a proper proceeding, to declare an ouster, and Auchenbach v. Seibert, 120 Pa. 159, decides nothing to the contrary.   The assignments of error are overruled and the judgment is affirmed at the cost of the appellant.