## McKay-Smith *v.* Philadelphia, Appellant.

*Public officers—Illegal appointment—Equity—Injunction.*

A bill in equity filed by a taxpayer for the sole purpose of having the election of a public officer declared invalid, and not as auxiliary to other relief prayed for, cannot be maintained. If, however, the bill also prays for an injunction to restrain the payment of such officer's salary out of public moneys, such bill may be maintained, but the court has no power on such a bill merely to decree that the appointment was invalid.

Argued May 2, 1913. Appeals, Nos. 274 and 284, Oct. T., 1912, by plaintiff and defendant, from decree of C. P. No. 2, Phila. Co., March T., 1908, No. 2,920, on bill in equity in case of Alexander Mackay-Smith and Charles C. Binney v. City of Philadelphia, John M. Walton, Controller of the County of Philadelphia, and Thomas Nihill. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

258   McKAY–SMITH *v.* PHILADELPHIA, Appellant.

Statement of Facts—Opinion of the Court.   [54 Pa. Superior Ct.

Bill in equity for an injunction and to declare the appointment of a policeman invalid.   Before Sulzberger, P. J.

The facts appear in the opinion of the Superior Court.

*Error assigned* in each appeal was the decree of the court.

*T. Henry Walnut,* with him *Wm. A. Glasgow, Jr.,* for Chas. C. Binney.

*James Gay Gordon, Jr.,* assistant city solicitor, with him *Michael J. Ryan,* city solicitor, for city of Philadelphia and John M. Walton.

*William W. Porter,* with him *W. Hobart Porter,* for Thomas Nihill.

*John H. Fow* and *Francis McAdams,* for 1,400 patrolmen of the city of Philadelphia.

Opinion by Porter, J., July 16, 1913:

The plaintiffs, as taxpayers, brought this bill against the city of Philadelphia to restrain it from paying to Thomas Nihill for his services as patrolman of said city, and against John M. Walton, controller of the county of Philadelphia, to restrain him from countersigning warrants for the payment of salary of the said Nihill, and against Thomas Nihill to restrain him from collecting such salary.   The bill averred that at a competitive examination held by the Civil Service Commission of the city of Philadelphia, in July, 1907, in order to create an eligible list or register for the position of patrolman, in pursuance of the provisions of the Act of March 5, 1906, P. L. 83, Thomas Nihill was duly examined, and passed with a standing on said eligible list of No. 278; that, on September 30, 1907, the Civil Service Commission subdivided said eligible list and prepared thirty-five separate eligible lists for the position of patrolman, purporting

to be made on the basis of the residence of eligibles, according to the subdivision of the city into thirty-five police districts, and the bill averred that this subdivision of the eligible list was unauthorized and illegal. On October 4, 1907, pursuant to requisition from the director of public safety of the city for eligibles for appointment to the position of patrolman, the Civil Service Commission certified the name of Thomas Nihill from the list of eligibles for appointment to the third police district, and in pursuance of such certification the director of public safety appointed the said Nihill, and his name was certified as appointed to the defendant John M. Walton, controller. Nihill entered upon the discharge of the duties of patrolman and has continued in that position to the present time. The bill further averred that if the Civil Service Commission had obeyed and observed the provisions of sec. 14 of the act of March 5, 1906, and certified the names in the order in which they appeared on the general eligible list, the lowest name which could have been reached for appointment, at the time Nihill's name was certified, was No. 161 on the list, whereas the name of Nihill stood at No. 278. The plaintiffs averred that the appointment of Nihill was illegal and void, for the reason that it had been certified by the Civil Service Commission to the director of public safety for appointment before it had been reached in its regular order upon the general list of eligibles. The prayers of the bill were: (1) That the appointment of said Thomas Nihill to the position of patrolman and all proceedings connected therewith be declared to be without warrant or authority of law and of no force or effect. (2) That John M. Walton, controller of the county of Philadelphia, be enjoined from countersigning any warrant in favor of the said Thomas Nihill, and that the city of Philadelphia be enjoined from paying or permitting the payment of any bill or warrant of Thomas Nihill claimed to be due him for services as patrolman. This bill was filed on April 3, 1908.

The defendants filed answers alleging that when the director of public safety made requisition upon the Civil Service Commissioners to certify names for appointment to the position of patrolman, the commissioners certified four names of eligibles in accordance with the provisions of the act of March 5, 1906, that under the provisions of the statute the director of public safety was required to select a name out of the four so certified, that from the said four he selected Nihill and appointed him to the position of patrolman. The answers averred that the Civil Service Commissioners were given a discretion in making up eligible lists and that it was proper for them to make an eligible list for each police district, and that the city had prior to that time been divided into thirty-five separate and distinct police districts, and that except under special circumstances the duties of the patrolmen are limited and restricted to their several districts. They further averred that the appointment of said Nihill was duly and regularly made. The answer of the defendant Nihill raised the question of the jurisdiction of the court, in this proceeding, to oust him from his office of patrolman. The plaintiffs joined issue on the matters alleged in the answers, by filing a replication. The parties agreed upon a statement of facts which it is not necessary to here recite. The court, after argument, entered the following decree: "And now, this first day of October, 1912, it is ordered, adjudged and decreed that the appointment of the defendant Nihill to the office of patrolman of the city of Philadelphia on October 4, 1907, was in contravention of law and therefore void, and that the said Nihill is not by virtue of said appointment a patrolman of said city." The court subsequently overruled exceptions to this decree and entered it as the final decree. Each of the parties have from that decree taken these several appeals, and now assign it for error.

The plaintiffs in their appeal contend that the court should have decreed that an injunction issue restraining the city from paying the salary of Nihill and the controller

from countersigning warrants for said salary.  The defendants, respectively, contend that the court should have dismissed the bill.  The view which we take of this case renders it unnecessary for us to express any opinion as to the soundness of the reasons which led the court to enter the decree.  We must also for the present refrain from passing upon the question of the validity of the appointment of Nihill, whether he is an officer de facto, de jure, or no officer at all.  The real question in this case was whether Nihill was entitled to be paid a salary.  That was the question which was put in issue by the pleadings, and the only question concerning which the court had in this proceeding jurisdiction to enter a binding decree.  These plaintiffs brought this bill as taxpayers, the ground which gives them standing to maintain it is the alleged special injury to their interests as taxpayers and want of a common-law remedy.  The only possible interest that they can have in this proceeding is to prevent the payment of money from the public treasury in which they have an interest to a person not legally entitled to receive it: Frame v. Felix et al., 167 Pa. 47.  The plaintiffs did not aver that they were in any way prejudiced by the fact that Nihill performed the services of a patrolman or because of the manner in which those services were performed, the only interest which they were seeking to protect by this bill and the only interest which they had any legal right to protect in such a proceeding was a money interest.  The only decree which the court below entered was: "That the appointment of the said Nihill to the office of patrolman of the city of Philadelphia on October 4, 1907, was in contravention of law and therefore void, and that the said Nihill is not by virtue of said appointment a patrolman of the city of Philadelphia."  Now if the plaintiffs in this bill in equity had prayed for the decree thus made by the court, without seeking any other relief; if they had simply sought to have the court decree that Nihill was not by virtue of his appointment a patrolman, their right to maintain the proceeding would

be subject to serious question. The bill might then have been subject to the objection stated in Hagner v. Heyberger, 7 W. & S. 104: "This remedy by injunction is not sought as auxiliary to any other relief, but as the exercise of a primary and independent jurisdiction with a view to decide that question alone, and to declare the defendant not a legal officer." A bill in'equity for the sole purpose of having the election or appointment of an officer declared invalid, and not as auxiliary to other relief prayed for, cannot be maintained: Com. v. McWilliams, 11 Pa. 61; Com. v. Small, 26 Pa. 31; Updegraff et al. v. Crans, 47 Pa. 103; Gilroy's App., 100 Pa. 5; Goldsworthy et al. v. Boyle et al., 175 Pa. 246; Brower v. Kantner, 190 Pa. 182. One may be an officer de facto and his official acts may be valid, but the rule seems to be established, that none but an officer de jure can successfully claim compensation for official services: Com. ex rel. Bowman v. Slifer, 25 Pa. 23; City of Philadelphia v. Rink, 17 W. N. C. 136; Luzerne County v. Trimmer, 95 Pa. 97; Wood v. Philadelphia, 46 Pa. Superior Ct. 573. The only relief, if any, to which the plaintiffs were entitled was an injunction restraining the city from paying the salary of Nihill and the controller from countersigning any warrant for the same. If they were not entitled to this relief then it was the right of the defendants that the bill be dismissed. This case must go back in order that the court below may pass upon the real issue presented. We express no opinion upon the merits of the case. The specifications which assign for error the final decree are in the several appeals sustained.

The decree is reversed and the record is remitted to the court below for further proceedings.