## Johnston v. Hennan, Appellants.

*Public officers—Tax collector and treasurer—Solicitor for school district—Inconsistent employment—Attorney and client.*

A tax collector and treasurer of a township who is also tax collector and treasurer of the school district of the township is not qualified to act as solicitor of the school district, inasmuch as his interests as tax collector, in the settlement of his accounts, may become antagonistic to those of the school district which he would be called upon to advise as solicitor.

Argued March 7, 1917. Appeal, No. 51, March T., 1917, by defendants, from decree of C. P. Luzerne Co., June T., 1916, No. 1, on bill in equity in case of Thomas F. Johnston v. James Hennan et al. School Directors of Wilkes-Barre Township School District. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction.
The facts appear by the opinion of the Superior Court.

*Error assigned* was decree awarding an injunction.

*M. J. Mulhall,* for appellant.

*W. Alfred Valentine,* for appellee.

OPINION BY PORTER, J., October 8, 1917:

This is an appeal from the decree of the court below restraining the respondents from the payment of any salary, for services as attorney for said school district, to the solicitor who had been elected by the school board. The appellee filed a taxpayer's bill praying for a decree to restrain the payment of the salary in question, to this bill respondents demurred and, the demurrer having been overruled, they filed an answer admitting the facts stated in the bill. The court after a hearing issued an injunction perpetually enjoining the defendants from paying the salary in question.

The findings of fact by the court below are not challenged, nor could they be under the pleadings. The solicitor of the school board was at the time of his election and still is the duly elected and qualified treasurer and tax collector of the Township of Wilkes-Barre and the duly acting and qualified treasurer and tax collector of the school district of Wilkes-Barre Township. That the interests of the tax collector, in the settlement of his accounts, may become antagonistic to those of the school board and those of the district which the school board represents is too clear for argument; if it were not so cases of litigation between school boards and tax collectors would be less frequent than we know them to be. In every such settlement it is to the interest of the tax collector to make the amount which he is called upon to pay over as small as can be possibly made to appear. Even in cases where the collector has acted honestly he may be legally liable for money which he does not actually have in his hands. In all such cases if the school directors are to have the benefit of the advice of an attorney, it should be that of an attorney who is not personally interested on the other side. "The relation

of an attorney and client is of such an important nature that the courts will not allow an attorney to act in any capacity or assume any duty inconsistent with his office of attorney or his duty to his client. Public policy also demands that an attorney shall not act in any other capacity where his duty would be incompatible with his duty as an attorney"; 6 Corpus Juris 621; In re Evans, 116 Federal Reports 909. The adjudication by the court below and the opinion of the learned judge, filed in overruling the demurrer, which will appear in the report of this case, render further discussion of this question unnecessary. The office of tax collector and that of solicitor for the school directors of the district are manifestly incompatible.

The decree of the court below is affirmed and the appeal dismissed at costs of the appellants.