Commonwealth ex rel., Appellant, *v.* Snyder.

Argued November 27, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. A. Welsh* and *W. H. Unger,* with them *Edward Raker,* District Attorney, *Francis F. Reamer* and *Marlin S. Unger,* for appellants.—The offices of township solicitor and township treasurer are incompatible: Johnston v. Hennan, 68 Pa. Superior Ct. 45; Allbright v. Mercer, 14 Pa. Superior Ct. 63; Leisenring v. Black, 5 Watts 303.

Where the Constitution or a statute declares that certain disqualifications shall render a person ineligible to an office, he must get rid of his disqualification before he is appointed or elected. Such have been the decisions of Congress in the contests here. But if the law merely forbids him to enjoy or hold the office, or exercise its duties, it is sufficient if he qualifies before he is sworn: Com. v. Pyle, 18 Pa. 519; Com. v. Kelly, 255 Pa. 475; Mosby v. Armstrong, 290 Pa. 517; Com. ex rel., Attorney General, v. Brownmiller, 5 D. & C. 705.

Appellee was not chosen by the duly elected and qualified members of the board of commissioners.

*Charles C. Lark,* for appellee.—The office of treasurer and the position of solicitor both of which Mr. Snyder held are derived from the same appointive authority or power; and, in such cases, one who, in every respect is eligible to hold both places, by acceptance of the second office or position to which he is appointed vacates the first: Com. v. Northumberland Co. Sheriff, 4 S. & R. 275; DeTurk v. Com., 129 Pa. 151; Com. v. Haesler, 161 Pa. 92; Com. v. Bennett, 233 Pa. 286.

The fact that Castetter may not have been qualified when elected township commissioner can have no bear-

ing upon Snyder's appointment as treasurer: Krick-
baum's Election, 221 Pa. 521; Gregg v. Jamison, 55 Pa.
468; Com. v. Clemmer, 190 Pa. 202; Dunn v. Mellon,
147 Pa. 11; King v. Phila. Co., 154 Pa. 160.

Appellant contends that McCormick's executrix has
the right to collect the 1928 township taxes. This posi-
tion, it seems to us, is not only novel but ridiculous:
Com. v. McAfee, 232 Pa. 36; Walsh v. Com., 89 Pa. 419,
425.

OPINION BY MR. JUSTICE SIMPSON, January 7, 1929:

At the municipal election held November 3, 1925,
James P. McCormick was elected treasurer of Coal
Township, in Northumberland County, for the term of
five years beginning on the first Monday of January,
1926. He died February 24, 1928, and three days later
appellee was chosen by the board of township commis-
sioners to fill the vacancy. Subsequently, the district
attorney of the county filed a suggestion in the court be-
low, which thereupon issued a writ of quo warranto, in
the name of the Commonwealth at his relation, requiring
appellee "to show by what authority he exercises the
rights and duties of the office of treasurer of Coal Town-
ship." Five reasons are specified therein why he should
be ousted from the office, none of which relates, how-
ever, to the duties he is to perform if rightfully occupy-
ing it. Hence, to these five matters we will limit our-
selves in reviewing the action of the court below in dis-
missing the writ: Norristown v. Reading Transit &
Light Co., 277 Pa. 459.

The first and second of the objections need not be
stated, since they are not referred to in appellant's brief,
and are not stated in nor suggested by the statement of
questions involved, which latter is a necessary require-
ment, whenever it is desired that we shall review a de-
cision of the court below on specific points: Leaden-
ham's Est., 289 Pa. 216; Keck v. Vandyke, 292 Pa. 532.

The third objection, which alleges that respondent was not elected by a majority of the duly qualified and eligible township commissioners, is based on the fact that one of those who voted for him, and whose vote was necessary to give him a majority of the board, had not paid a state or county tax within two years, either at the time he was elected a commissioner, or when he voted for respondent. From at least as early as 1828 (Keyser v. M'Kissan, 2 Rawle 139) to as late as 1926 (Solar Electric Co. v. Pub. Ser. Com., 88 Pa. Superior Ct. 495, 498) the appellate courts of this Commonwealth have held steadily to the rule that "the acts of public officers de facto, coming in by color of title, [whether or not entitled de jure], are good so far as respects the public, but void when for their own benefit"; and it is equally well settled that attacks upon the right of such incumbents to serve, must be made by the Commonwealth, in a direct proceeding for that purpose, and cannot be made collaterally: Com. v. McCombs, 56 Pa. 436; Goldsworthy v. Boyle, 175 Pa. 246; 22 R. C. L. 603. Here, the commissioner, whose vote was objected to, was, admittedly, an officer de facto, holding under color of title, and, up to the time he voted for respondent, no direct attack had been made on his right to serve as commissioner. "Confusion worse confounded" would necessarily result from any other rule than as above stated; for, if the officer was a sole incumbent, none of his acts could be sustained, and this would be so, also, if he were one of several and his vote was necessary to make a majority. Consequently, before any one could safely rely on the acts of a public officer under such circumstances, an examination would have to be made regarding his citizenship, his residence, his payment of taxes, etc., etc., and the inquirer would have to take the risk of whatever conclusion might be reached on each and all of these matters.

The fourth objection is that at the time of respondent's election he was serving as township solicitor (to

which also he had been previously elected by the same board), and continued to act as such until after the writ was issued. Before he answered, however, he resigned the office of solicitor, and elected to retain that of treasurer. There is no claim of a statutory inhibition, but only, as set forth in Johnston v. Hennan, 68 Pa. Superior Ct. 45, that the offices were incompatible because "his interests as tax collector, in the settlement of his accounts [as treasurer], may become antagonistic to those of the school district, which he would be called upon to advise as solicitor." In DeTurk v. Com., 129 Pa. 151, 160, which was a case where one of the two incompatible offices held by respondent was derived from the federal government and the other from that of the state, it was said: "If the titles to these offices were derived from a common source, it might well be held that an acceptance of the second office was an implied resignation of the first. This is the common law rule, and the current of authority in this country sustains it." True, these statements were obiter dicta, but elsewhere the law on the point is well settled: see 22 R. C. L. 418; 29 Cyc. 1382; Attorney General v. Oakman, 126 Mich. 717, 86 Am. St. Rep. 574, 578, and the many cases cited in each of them.

Possibly, under such circumstances, a different rule would be applied in this State; but, if so, appellant would not be helped. We have said—and probably necessarily so because of article XII, section 2 of the state Constitution—that if a statute declares incompatibility, the penalty fixed by it, if any, will always be enforced: Com. v. Allen, 70 Pa. 465; Com. v. Bennett, 233 Pa. 286. If however, as here, the incompatibility is not determined by a statute, but arises solely by reason of the fact that the duties of the two offices are such that it would be against public policy to permit one person to hold both of them, then the incumbent may elect which he will retain, and if he does this before answer filed, as he did here, the courts will dismiss a writ of quo war-

ranto theretofore issued to test his right to the office he elected to hold: DeTurk v. Com., supra. So, too, if in good faith he contests the question of incompatibility, his election may be made after it is finally determined to exist, and if he then declines or neglects to make it, the court must "determine which [office] he should be compelled to relinquish": Com. v. Haesler, 161 Pa. 92, 97. In neither of the two cases last cited was respondent's titles to the offices he held derived from a common source; and hence, especially in view of what is said in the first of them, the common law rule may still apply, whenever, as here, they are so derived. It is not necessary to decide the point, however; for, if it does apply, then appellee having accepted the office of township treasurer, his act in so doing is "an implied resignation and vacation" of the office of township solicitor; and if it does not apply then he had the right to elect, as he did, to hold the office of township treasurer. Under either rule, therefore, this point must be decided in his favor.

It should, perhaps, be added, in order to negative the idea of oversight, that the statement in Com. v. Pyle, 18 Pa. 519, 521, that "a man may hold one office after he has been chosen to another which is incompatible with it, without thereby forfeiting either of them, provided he resigns the first before he enters upon the duties of the last," is but dictum, as shown in Mosby v. Armstrong, 290 Pa. 517, 523; and hence, though it "may be respected, ought not to control the judgment in a subsequent suit where the very point is presented for decision": Cohens v. Virginia, 6 Wheaton 264, 399, per MARSHALL, C. J.; Frick's Est., 277 Pa. 242; Hill v. Houpt, 292 Pa. 339. It would, moreover, if applied as suggested by appellant, have to be deemed overruled by the later cases above cited. As to Com. ex rel. Gast v. Kelly, 255 Pa. 475, also referred to by appellant because it quoted a portion of the dictum in Com. v. Pyle, supra, the present chief justice, who wrote the opinion in both the Kelly and Armstrong cases, points out in the latter, at page 524, that

the Pyle Case was referred to in the Kelly Case, in order to show that the dictum in the former did not antagonize the conclusion reached in the latter.

Finally, it is alleged that respondent's election was brought about by him through fraud, illegal conspiracy, bribery and corrupt solicitation, and hence should be declared void. While there were suspicious circumstances testified to, from which, if believed, those averments might have been found to be true, there was much antagonistic evidence; and, from a review of the whole case, the court below stated that "the complaint may be dismissed with the observation that it is not sustained by the evidence." The judges who reached that conclusion having seen and heard the witnesses of both parties, were far better qualified to give due weight to their testimony than we can possibly be: Clarkson v. Crawford, 285 Pa. 299; Estate of Mary Phillips, deceased, 293 Pa. 351. Hence, as there was an abundance of testimony to sustain their conclusion on the point, we must treat it as established: Ambridge Boro. v. Phila. Co., 283 Pa. 5; Stirling's Petition, 292 Pa. 194.

The judgment of the court below is affirmed.