## In re McCaslin's Nomination Certificate

*Aiken & Braham* and *Wylie McCaslin*, for petitioner.
*William McElwee, Jr.*, and *John P. Lockhart*, for respondent.

HILDEBRAND, P. J., October 15, 1931.—Objections were filed to the nomination certificate of the Republican County Committee of Lawrence County, Pa., certifying the nomination of R. C. McCaslin for the office of County Controller of said Lawrence County.

The original objections filed allege that at a meeting held by the said Republican County Committee on October 3, 1931, on the fourth ballot cast, R. C. McCaslin received a total of sixty-five votes and James E. Moorhead a total of sixty-four votes for said office; that a total of thirteen proxies made by committeemen authorizing another vote for them at said meeting were received by the executive officers of the county committee in an incomplete form, and that some, if not all, of the persons named in the proxies were permitted by the executive officers to vote at said meeting; that two of the committeemen, M. C. Kennedy, in person, and Charles C. Withers, by proxy, voted as committeemen for districts in which they no longer lived, and that the said M. C. Kennedy and the said Charles C. Withers, by proxy, cast their votes for R. C. McCaslin, and further alleging that such votes were illegal and that James E. Moorhead received a majority of the legal votes cast and is entitled to receive a certificate of nomination.

R. C. McCaslin filed a motion to strike off the objections so filed.

Before said motion was disposed of, B. F. Moorhead, the person filing the original objections, filed a motion to amend by adding to the objections the

allegations that B. F. Moorhead is a qualified elector of the Second Ward of the City of New Castle, Lawrence County, Pa:, and was duly registered as a Republican voter in the primaries held September 15, 1931, and is and has been a member of the Republican Party.

It is further alleged that neither B. F. Moorhead nor James E. Moorhead or his supporters knew at the time of said meeting of the Republican County Committee that the said proxies were incomplete or that the votes of M. C. Kennedy and Charles C. Withers were improperly received and counted, and did not know that said votes had been cast for R. C. McCaslin until shortly before the filing of the objections to the nomination certificate.

R. C. McCaslin filed objections to the amendment, in substance that the same had not been presented in time and was an attempt to correct a fatal and material defect in the pleadings.

We are of opinion that neither the original objections nor the same as proposed to be amended are sufficient to invalidate the certificate of nomination as filed by the Republican County Committee.

As to the alleged incompleteness of the proxies, it is not alleged wherein they are incomplete or that they are not in accordance with the form prescribed by the rules of the Republican Party in Lawrence County. Neither is it alleged that any such votes as may have been cast under such proxies were cast for R. C. McCaslin.

As to the members M. C. Kennedy and Charles C. Withers, it is not alleged that they were not residents of their respective districts when elected or that they were not duly elected. If, therefore, they were residents of the proper districts and were duly.elected, they became duly constituted members of the Republican County Committee and would continue so to be as against the public until they were duly ousted therefrom: Com. v. Snyder, 294 Pa. 555.

In the above case, the township commissioners elected Snyder to fill a vacancy in the office of township treasurer. In a quo warranto proceeding against Snyder, among other things, it was alleged that one of the township commissioners who voted for him, and whose vote was necessary to give him a majority of the board, was not qualified to hold the office and vote.

On page 559 óf the opinion, Mr. Justice Simpson says, in part, quoting numerous authorities:

"The acts of public officers de facto, coming in by color of title [whether or not entitled de jure], are good so far as respects the public, but void when for their own benefit;" and holds that the qualifications of the commissioner could not be attacked collaterally.

The objections as amended contain no averment of fraud. It is not averred that the nomination was made contrary to the rules of the party. The objections merely go to the qualifications of members of the committee. This was a matter for the committee to pass upon, and the objector's failure to discover the facts upon which his objections are based in time to present them to the committee reflects neither upon the committee nor the nominee, nor does it furnish reason for the court's assuming a prerogative of the committee.

Having concluded that the facts averred are insufficient to give the court jurisdiction, we make the following

## Order

Now, October 15, 1931, the rule issued on the objector's motion to amend his objection is made absolute, and the objections are amended as moved for; and the rule issued upon the motion of R. C. McCaslin to strike off the objections is made absolute and the objections as amended are stricken off.