## Kurtz v. Steinhart et al.

*Richard Henry Klein,* for complainant.
*John L. Pipa, Jr.,* for respondents.

TROUTMAN, J., July 21, 1947.—Plaintiff, Joseph J. Kurtz, filed a bill in equity averring that he is a duly elected school director of the School District of the Township of Coal, which is a school district of the third class under the acts of assembly, and has acted as such school director from or about December 6, 1943, to the present time and is still acting in that capacity; that on or about January 1, 1946, plaintiff was appointed a clerk in the office of Anthony C. Bogdan, the treasurer and tax collector of the Township of Coal, and that plaintiff was employed by the said treasurer and tax collector to perform clerical duties in his office with such employment revocable at the will and pleasure of the said Anthony C. Bogdan; that on or about August 16, 1946, the board of directors of the School District of the Township of Coal, at a regular meeting of said board, approved a motion providing in substance that plaintiff must decide on or before the meeting to be held on September 20, 1946, whether he chooses to be a school director or a deputy tax collector of the said township. Plaintiff further avers that he was not on August 16, 1946, and is not now deputy tax collector of the said township and that no request for approval of any appointment of plaintiff as deputy tax collector for said township was made by the tax collector to the said school district and that no approval was ever given to such appointment. Plaintiff avers that the defendants in approving the said motion of August 16, 1946, based their action upon the contention that service as school director in said township was in violation of section 207 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of March 28, 1929, P. L. 97, sec. 1, 24 PS §168. Plaintiff contends that the School District of the Township of Coal has no authority or legal right to compel him to choose between two positions, one of which is that of school director, and avers in his bill in equity that there is no incompatibility between

his position as clerk for the Tax Collector of Coal Township and school director.

Plaintiff avers that unless defendants, Russell Steinhart, Stanley Seroskie, John Baranowskie, Edward Kolovich, Anthony Grabowskie, Casper Burns and Joseph J. Kurtz, members of the board of directors of the School District of the Township of Coal, are restrained as members of the said board from compelling plaintiff to elect between the office of clerk, as aforesaid, and school director, plaintiff will suffer irreparable harm and damage by either being compelled to give up his position as clerk for the Tax Collector and Treasurer of Coal Township, for which he receives financial remuneration, or by surrendering his position as school director, to which he was elected by the voters of Coal Township.

Plaintiff further avers that he has no adequate remedy at law and is in need of equitable relief and prays the court to set aside and cancel the motion of the said school directors of the said school district, adopted August 16, 1946, and issue an injunction, preliminary until hearing and perpetual thereafter, restraining defendants, members of the board of directors of the said school district, from ousting and removing plaintiff from the office of school director in a manner not provided by law and that an injunction be issued, preliminary until hearing and perpetual thereafter, restraining defendants, members of the board of directors of the said school district, from compelling plaintiff to elect between the office of clerk for the Treasurer and Tax Collector of the Township of Coal, and a school director of said school district, and from otherwise interfering with plaintiff in the exercise of his rights as such school director.

At the time of the filing of the bill in equity on September 9, 1946, there was presented to the court an affidavit of irreparable damage and two injunction

affidavits and a bond, and on that day the court filed an order approving the bond, directing the papers to be filed and ordering a preliminary injunction to issue, which was returned September 14, 1946. By agreement of counsel, the preliminary injunction was continued from time to time and the matter came before the court for hearing on plaintiff's bill without answer filed by defendants, and it was agreed by counsel for both plaintiff and defendants that the testimony should be taken on the preliminary hearing as on final hearing in the case.

From the testimony taken at the hearing in support of the bill and from admissions in the said pleadings, the chancellor makes the following

## *Findings of fact*

1. Plaintiff, Joseph J. Kurtz, is a resident of Coal Township, Northumberland County, Pa.

2. All of the defendants are residents of Coal Township, Northumberland County, Pa., and are members of the board of directors of the School District of Coal Township.

3. Russell Steinhart, one of the defendants, is president of the board of directors of the School District of Coal Township.

4. Casper Burns, one of the defendants, is vice president of the board of directors of the School District of Coal Township.

5. Anthony Grabowskie, one of the defendants, is secretary of the board of directors of the School District of Coal Township.

6. Stanley Seroskie, one of the defendants, is treasurer of the board of directors of the School District of Coal Township.

7. The Township of Coal is a township of the first class under the acts of assembly of the Commonwealth of Pennsylvania, in such case made and provided, and

is a municipal subdivision of Northumberland County, Pa.

8. The School District of Coal Township is a school district of the third class under the acts of assembly of the Commonwealth of Pennsylvania, in such case made and provided, and is a municipal subdivision of Northumberland County, Pa.

9. On or about November 2, 1943, plaintiff was duly elected for a term of six years as a member of the board of directors of the School District of Coal Township, Northumberland County, Pa., at the regular election held for that purpose on that date.

10. On or about December 3, 1943, plaintiff presented to the board of directors of the said school district his certificate of election and took his oath of office as school director for the said school district.

11. From on or about December 6, 1943, to the present time, plaintiff has acted as such school director and he is still acting in that capacity.

12. At the regular election held for that purpose in November 1945 Anthony C. Bogdan was elected Treasurer and Tax Collector for the Township of Coal, Northumberland County, Pa.

13. The said Anthony C. Bogdan, after qualifying subsequent to his said election, assumed the duties of his office on the first Monday of January 1946, and from that date to the present time has continuously held said office and acted in said capacity.

14. From January 1946 until the present time, plaintiff has been employed continuously in the office of the said treasurer and tax collector, Anthony C. Bogdan.

15. Plaintiff was employed by the said Anthony C. Bogdan to work in the said treasurer's and tax collector's office subject to discharge at any time at the will or pleasure of the said Anthony C. Bogdan.

16. While employed in the office of the said Anthony C. Bogdan, plaintiff performed, under the supervision of the said treasurer and tax collector, such duties as the treasurer and tax collector directed him to perform.

17. The duties performed by plaintiff in the office of the said treasurer and tax collector included helping to set up a system of bookkeeping in the office, helping to procure furniture and equipment, posting cards, writing out tax bills, receiving money from taxpayers who appeared at the office to pay their bills, receipting said bills by use of a rubber stamp bearing the name of the tax collector, and entering names on the ledger.

18. Plaintiff, together with other employes in the said office of the treasurer-tax collector, enters the receipt of moneys collected as taxes in the tax duplicate, or ledger, from which book the monthly report submitted to the various taxing bodies, including the board of school directors, are made up.

19. The duties performed by plaintiff, except helping to set up a system in the office, were performed also by another employe of the said Anthony C. Bogdan, namely, Joseph Shykoskie.

20. Duties pertaining to the functioning of the said treasurer and tax collector which were not performed by plaintiff included calculating and tabulating daily receipts and examining the same for correctness, posting the receipts in a book, writing or cashing checks, making out deposit slips and depositing money in the bank.

21. On August 29, 1946, Anthony C. Bogdan appointed, in writing, his son, Leon A. Bogdan, as deputy tax collector, his son having taken the oath of office before a justice of the peace. Anthony C. Bogdan sent letters to the county commissioners, the Coal Township commissioners and the School Board of Coal Township advising them of his appointment and they all approved the said appointment.

22. Anthony C. Bogdan, since he became Treasurer and Tax Collector of Coal Township has not appointed or secured the approval of any person other than his said son as deputy tax collector.

23. The duties pertaining to the functioning of the office of the said treasurer and tax collector including calculating and tabulating daily receipts and examining the same for correctness, posting the receipts in a book, writing or cashing checks, making out deposit slips and depositing money, were performed only by the said Anthony C. Bogdan or by his son, Leon A. Bogdan, the deputy treasurer and tax collector, whom he appointed in August 1946.

24. Plaintiff secured the services of Emily Drill and Eleanor Grabowskie, who were employes of the School District of Coal Township, to do typing and clerical work for the Treasurer-Tax Collector of Coal Township, most of which work was performed while on duty as employes of the said school district.

25. On several occasions plaintiff made statements that he was the Deputy Treasurer and Deputy Tax Collector of Coal Township.

26. The Treasurer-Tax Collector of Coal Township never sought the approval of said plaintiff as a deputy tax collector in his said office.

27. The duties performed by plaintiff in the office of the said treasurer-tax collector were the duties and functions of a clerical employe and did not include all of the duties performed by the tax collector or a duly appointed, qualifying and acting deputy tax collector or deputy treasurer.

28. At a meeting of the board of directors of the School District of Coal Township held August 16, 1946, the board, by a vote of four to three, passed and approved a motion requiring plaintiff to decide by September 20, 1946, the date set for the next regular meeting of the board, whether he choose to be school director or deputy treasurer in Coal Township.

29. Plaintiff is not now nor was he on August 16, 1946, the deputy treasurer of the said Coal Township.

30. The duties performed by plaintiff in the office of Anthony C. Bogdan, Treasurer and Tax Collector of Coal Township, during the period from January 1946 until the present time are not incompatible with his duties as school director for the said township.

### Discussion

Plaintiff seeks to enjoin the school directors of the School District of Coal Township from compelling him to elect between the office of clerk for the Treasurer and Tax Collector for the Township of Coal and a school director of said school district, and from otherwise interfering with plaintiff in the exercise of his rights as such school director. It is not denied that plaintiff is employed in the office of the township treasurer as a clerk. Defendants contend that plaintiff performs duties which are performed not only by a clerk but also by a deputy tax collector, that said offices are incompatible and that plaintiff must choose which office he shall retain.

The first question for the consideration of the court is whether the board of school directors has the authority and power to submit plaintiff to an election.

It is well settled that equity has jurisdiction to restrain, by injunction, the illegal acts of school directors although they have no right to control the exercise of discretionary power: Butts v. Howley, 5 Kulp 338; Hunlock v. Jones, 9 Kulp 278. In Wharton et al. v. School Directors of Cass Township, 42 Pa. 358, the jurisdiction of our courts to restrain, by injunction, the illegal acts of school directors, was sustained under the thirteenth section of the Act of June 16, 1836, P. L. 784, sec. 13, 17 PS §281, conferring equity powers upon the courts.

Do defendants, as a board of school directors, have the power to make one of its members elect which posi-

tion such member shall retain? We are of the opinion that no such power exists in a board of school directors, even though the positions held by the member may be incompatible.

Article X, sec. 1 of the Constitution of Pennsylvania directs the legislature to maintain and support a thorough and efficient system of public schools. The school system, or the school districts, then, are but agencies of the State legislature to administer this constitutional duty. As such agencies, they do not possess the governmental attributes of a municipality. They have been held to be bodies of a lower grade, with less power than cities, fewer of the characteristics of private corporations and more of mere agencies of the State: School District of Erie v. Fuess, 98 Pa. 600. They possess only the administrative powers that are expressly granted by the central government or inferred by necessary implication: Wilson et ux. v. Philadelphia School District et al., 328 Pa. 225, 231. Consequently, school directors have only those powers which have been expressly given to them by the State legislature or those that may be inferred by necessary implication.

We have been referred to no statute which would grant school directors the power or right to pass upon the qualifications of its members or the power to oust a member who has been duly elected by the people, has taken his oath of office and has entered upon the performance of his duties. No power is extended to school directors to judge the qualifications of its respective members as has been extended to each House of the General Assembly by article II, sec. 9 of the Constitution of Pennsylvania. There are certain provisions in the School Code of 1911 which permit the school directors to fill vacancies (Act of May 18, 1911, P. L. 309, sec. 214) and which permit them to declare the office of director vacant upon a member's refusal or neglect to attend meetings (Act of May 18, 1911,

supra, sec. 221), or if a member refuses or neglects to qualify as a director within 10 days next succeeding the beginning of his term of office: Act of May 18, 1911, supra, sec. 220.

There is no other statutory authority given to school directors to remove a school director or make him choose between his position as a school director and another office or position alleged to be incompatible with it. The removal of an officer, duly elected by the people, is highly penal in nature and can only be exercised if the power is clearly granted by statute. In Jenkins Township School Directors' Removal Case, 344 Pa. 267, 272, the Supreme Court held that statutes providing for the removal of officers are generally held to be penal in their nature, and should be strictly construed.

Unless there is plain warrant of law for it, school directors have no authority to pass upon the question of another director's qualifications to the seat he claims (Commonwealth ex rel. Phillips v. Mann et al., 5 Dist. R. 439), and certainly school directors have no authority to pass upon the question as to whether a school director who has been serving as such for some years is not qualified to continue in office. As was said in Bentley v. Gillespie, 19 Del. Co. 111, a board of school directors has no power or authority to judge of the eligibility of its own members. The question must be raised by quo warranto.

The action of defendants in adopting the resolution putting plaintiff upon his election as to which office he desires to retain, predicated their action upon the theory that the office of school director and that of deputy tax collector of the township are incompatible. There may be some doubt that a court of equity has jurisdiction to pass upon the question of incompatibility of office in this case. The Supreme Court of this State has held that the exclusive remedy to try title to

office is by an action of quo warranto (Driskel et al. v. O'Connor et al., 339 Pa. 556), and that title to office cannot be tested by mandamus (Commonwealth ex rel. v. James, 214 Pa. 319), injunction (Eddy v. Ashley Borough, 281 Pa. 4) or any other proceeding than that provided by the common law: Brinton et al. v. Kerr et al., 320 Pa. 62, 63. While there was no question raised by defendants as to the jurisdiction of this court to pass upon the question of incompatibility, yet it is well settled that the remedy by quo warranto must be followed and jurisdiction cannot be taken through other remedies at the convenience or with the consent of counsel: Brinton et al. v. Kerr et al., supra; Driskel et al. v. O'Connor et al., supra.

However, the courts have, in equity proceedings, inferentially passed on the title to office where the major question before the court was some other problem (Bowers v. Reitz, 315 Pa. 310, 313), and where the question of title to office is not the sole purpose and is auxiliary to other relief prayed for, a bill in equity can be maintained: McKay-Smith v. Philadelphia, 54 Pa. Superior Ct. 257, 262.

Under the facts of this case, even though defendants have no right to make plaintiff choose as to which office he will retain or oust him from his office, it would be idle to refuse to pass upon the question of incompatibility of offices.

Defendants sought to prove that plaintiff held himself out as the Deputy Treasurer of Coal Township and made statements at meetings of the board of directors that he was deputy tax collector, and that even though he was hired as a clerk in the office of the treasurer-tax collector, he performed duties which were duties usually performed by the tax collector himself or his deputy. The only function which might be antagonistic to plaintiff's claim that he was simply a clerk, was the fact that he received taxes at the office,

receipted for them and entered them in a ledger. We are of the opinion that the performance of such functions together with his other clerical duties did not make him deputy tax collector. Under the Local Tax Collection Law of May 25, 1945, P. L. 1050, sec. 22, it is provided that a tax collector may, with the approval of a taxing district and his surety, deputize in writing, one or more deputy tax collectors, who, when so deputized, shall be authorized to receive and collect any or all of the taxes in like manner and with like authority as the tax collector appointing them. Anthony C. Bogdan, the township treasurer and tax collector never sought the approval of plaintiff as a deputy under these provisions. We are not convinced that the duties performed by plaintiff would make him a deputy tax collector in fact. In a municipality the size of Coal Township it is almost a necessity that the tax collector have some clerical help to assist him in the performance of his duties. The testimony indicates that plaintiff was not appointed for any particular term, but can be dismissed at the pleasure of the treasurer; there is no evidence that he filed any bond or took any oath of office; he is paid by the tax collector to perform his duties and he can only legally perform those duties that are performed by clerks. The responsibility for the collection of taxes and for the accounting of the same rests with the tax collector. The testimony clearly shows that plaintiff performs the duties of a clerical employe.

It is further contended by defendants that it is against public policy to have a school director employed by the tax collector, even as a clerk, for as a school director he will be called upon to pass upon the monthly reports of the tax collector, pass upon expenditures to be paid by the district in behalf of the tax collector, pass upon exonerations for uncollected taxes and pass upon the settlement of the ac-

counts of the tax collector, which would create a situation where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for one incumbent to retain both. Defendants contend that there is incompatibility between the functions of the said offices because of the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of both.

Article XII, sec. 2, of the Constitution of Pennsylvania provides that the General Assembly may by law declare what offices are incompatible. In accordance with this authorization, the General Assembly has from time to time enacted statutes making certain offices incompatible.

Under the provisions of The First Class Township Law of June 24, 1931 P. L. 1206, sec. 511, 53 PS §19092-511, the same person may hold the office of township treasurer and treasurer of the school district, but no township treasurer shall hold any other township office except that of tax collector.

Under the Act of May 18, 1911, P. L. 309, sec. 207, as amended, 24 PS §168, provides:

"Any citizen of this Commonwealth having a good moral character being twenty-one (21) years of age or upwards, and having been a resident of the district for at least one (1) year prior to the date of his election or appointment, shall be eligible to the office of school director therein: Provided, That any person holding the office of mayor, chief burgess, county commissioner, district attorney, city, borough, or township treasurer, city councilman, township commissioner, road supervisor, tax collector, assessor, assistant assessor, any comptroller, auditor, constable, county superintendent, or assistant county superintendent, supervisor, principal, teacher, or employe of any school district, shall not be eligible as a school director in this

Commonwealth; but this section shall not prevent any district superintendent, assistant district superintendent, supervisor, teacher, or employe of any school district, from being a school director in a district other than the one in which he is so employed."

From the foregoing statutes, the township treasurer cannot serve as a school director, neither can a school director serve as a township tax collector or treasurer. The restriction upon the township treasurer is broad enough to cover any township office. The act pertaining to the qualifications of school directors, while mentioning a long list of various offices, including tax collector and township treasurer, does not mention an employe of such an official, although it does mention employes of the school district. The restriction as to offices that may be held by the township treasurer only applies to the treasurer himself.

Section 207 of the School Code, supra, specifies at great length what person shall not be eligible as school director in this Commonwealth. Some 22 offices, elective and appointive, many of them subordinate to local or municipal offices, form the long list of offices incompatible with the office of school director. The act makes all citizens of this Commonwealth who have the qualifications listed therein, except those who may hold one of the proscribed offices actually listed, eligible to the office of school director. It would seem, then, that the legislature had in mind very particularly this question of incompatibility, and mention of all of the proscribed offices must be held to exclude those not so listed: Commonwealth ex rel. v. Moore, 25 D. & C. 687, 693.

In Commonwealth ex rel. Schermer v. Franek, 311 Pa. 341, which raises the question as to whether the offices of justice of the peace and mayor of a city were incompatible, the court held as follows (p. 346):

"Article XII, section 2 of the Constitution provides that the General Assembly may by law declare what

offices are incompatible. We have been pointed to no statute which declares the office of Justice of the Peace and Mayor incompatible. Inasmuch as the Constitution has provided a method of declaring what offices are incompatible, thereby announcing the public policy of this State in regard thereto, the courts are not permitted to hold offices incompatible merely because the Legislature has failed to act, even though other states may have held such offices incompatible where the duties of one conflict with those of the other. The Legislature of this Commonwealth has determined in several instances certain offices to be incompatible, and it would be a transgression of the power of this court to hold the offices of Mayor and Justice of the Peace incompatible when the Legislature has not seen fit to act in the matter."

Since the decision in the case of Commonwealth ex rel. Schermer v. Franek, supra, it is doubtful that the courts may hold offices incompatible merely because the legislature has failed to act, and applying the principle of that case to the case at bar, we must conclude that the offices of school director and clerk for the tax collector are not incompatible. At least there is no statutory inhibition against the same person holding both offices. A clerical employe is not a public officer in a strict sense of the term. The legislative prohibition includes only the office of township tax collector or treasurer and does not preclude one of his employes from holding another public office, such as school director.

It has been argued that the courts have the power to declare offices incompatible where it would be against public policy for the same person to hold dual offices and as has already been discussed, the relationship of plaintiff as a clerk for the township tax collector and his duties as a school director may become antagonistic. The courts have held offices incompatible where no

statutory inhibitions existed: See Commonwealth ex rel. v. Snyder, 294 Pa. 555; Johnston v. Hennan, 68 Pa. Superior Ct. 45.

In the latter case, the court held that the offices of tax collector and school solicitor were incompatible because their interests were antagonistic even though there was no statutory inhibition. Since the decision in Commonwealth ex rel. Schermer v. Franek, supra, it appears that where the legislature has failed to act in declaring offices incompatible, the courts are without power to declare such offices incompatible. However, inasmuch as the legislature has acted in relation to the offices of school director and township tax collector or treasurer, we are not called upon to decide whether the courts still possess the common-law right to decide the question of incompatibility in the absence of a statutory inhibition.

We are of the opinion that under the legislation of this Commonwealth the offices of school director and the position of a clerical employe of the township tax collector are not incompatible.

We are not unmindful of the fact that antagonisms are possible where an employe of the tax collector sits as a member of the board of school directors to pass upon his employer's accounts or upon any other business connected with the performance of the duties of a tax collector. In the interests of good government, an officeholder should not place himself in a position where the old adage, "no man can serve two masters", may cause great embarrassment. However, the court cannot substitute its will for that of the legislature, particularly where the legislature has acted.

If plaintiff were a deputy tax collector, we believe that such office would be incompatible, even though not mentioned in section 207 of the School Code, for in such case, plaintiff would be obliged to approve his

own employment and as a deputy treasurer he could or would be performing all of the duties of the township treasurer. If, in the future, said plaintiff should take on duties in the office of the tax collector that would make him a deputy treasurer or tax collector, in fact, then a different problem would arise. Should plaintiff, because of his employment in the tax collector's office subordinate his duties as a school director to his relationship as an employe of the tax collector, then he may make himself liable to removal as a school director under the provisions of the School Code.

### Conclusions of law

1. This court has jurisdiction over all the parties and also over the subject matter involved.

2. The General Assembly of the Commonwealth of Pennsylvania may declare by law what offices are incompatible.

3. There is no statutory inhibition which declares the office of school director and clerk in the office of a township treasurer or tax collector incompatible.

4. The duties performed by plaintiff in the office of Anthony C. Bogdan, Treasurer and Tax Collector of Coal Township, during the period from January 1946 until the present time are not incompatible with his duties as school director for the said township.

5. This court, sitting as a court in equity, has jurisdiction and power to restrain a school board from illegally ousting a member of the board.

6. The board of directors of the School District of Coal Township at its meeting held August 16, 1946, exceeded its power and authority in attempting to determine whether two offices are incompatible and in requiring plaintiff to elect between said offices.

7. Plaintiff is entitled to have continued perpetually the injunction heretofore granted by this court in the above cause.

*Requests for findings of fact and conclusions of law*

The other issues of fact and law presented in this action are disposed of in the answers to plaintiff's and defendants' requests for findings of fact and conclusions of law, which are ordered filed herewith.

### *Decree nisi*

And now, to wit, July 21, 1947, it is ordered, adjudged and decreed nisi that the preliminary injunction heretofore issued be made perpetual, and defendants, Russell Steinhart, Stanley Seroskie, John Baranowskie, Edward Kolovich, Anthony Grabowskie, Casper Burns and Joseph J. Kurtz, members of the board of directors of the School District of Coal Township are hereby perpetually restrained and enjoined from

(a) Ousting and removing plaintiff, Joseph J. Kurtz, from the office of school director of the School District of the Township of Coal in a manner not provided by law,

(b) Compelling plaintiff, Joseph J. Kurtz, to elect between the office of clerk for the Treasurer and Tax Collector for the Township of Coal and school director of the School District of the Township of Coal and from otherwise interfering with plaintiff and the exercise of his rights as such school director, and

(c) Carrying out a motion of the said board of directors of the School District of the Township of Coal, calling upon plaintiff, Joseph J. Kurtz, to choose between the two positions he now holds.

The record costs of these proceedings shall be paid by the School District of the Township of Coal. Each party shall pay their own witnesses.

The prothonotary is directed to enter this decree nisi and give notice to the parties, or their counsel, of record of the entry thereof, sec. reg.