## Commonwealth ex rel. Orban v. Berkey

*Shaver & Heckman*, for relators.
*Leland W. Walker*, for defendant.

LANSBERRY, P. J., November 3, 1950.—On February 27, 1950, Frank A. Orban, District Attorney for Somerset County, at the relation of Charles L. Cramer, Mike Drabish and Ross M. Younkin, the latter being residents and electors of the Borough of New Centerville in Somerset County, filed their complaint, alleging that one Lloyd Berkey was duly elected, qualified and engaged in the duties of both the offices of borough councilman and constable, whereupon the district attorney and relators suggested that a writ of quo warranto be issued, directed to Lloyd Berkey, commanding him to plead to the complaint. Service of the complaint was accepted by Lloyd Berkey personally and an answer filed by him. The matter is now before the court on the question of the incompatibility of the two offices, borough councilman and constable.

From the public records it appears that the population of New Centerville Borough in 1940 was 144 and the present population according to the census is 145. On November 8, 1949, at the municipal election, at which time Lloyd Berkey was elected to both offices of councilman and constable, there were a total of 88 registered voters within the voting precinct composed of New Centerville Borough. At that election 11 individuals received votes for town council, Lloyd Berkey receiving 39, the highest number cast for any one of the 11 residents. At the same election there were five individuals who received votes for constable, at which time Lloyd Berkey received 48 votes, that being the highest number of votes cast for any of the individuals for constable. Incidentally, there were at the same election three candidates for justice of the peace, two of which were duly elected but neither have qualified to the duties of their appointment and the borough is presently without a justice of the peace.

The writ of quo warranto is an ancient writ and originally was criminal in nature, the purpose thereof being to determine the penalties upon the usurpers of the king's offices and lesser titles. In more recent years the writ of quo warranto has become civil rather than criminal in nature, although the joinder of either the Attorney General or the district attorney is a necessary prerequisite before the issuance thereof. The purpose and function of the writ of quo warranto in our jurisdiction is the exclusive and proper remedy to determine the title to public office. In Commonwealth ex rel. Shoemaker v. Thomas et al., 328 Pa. 19, the Supreme Court said:

"We adhere to our long established ruling that unless another remedy is provided for by statute, quo warranto is the exclusive and proper one to determine title to public office."

To the same effect the court said in Mahanoy Township Authority v. Draper et al., 356 Pa. 573: "The main issue is title to public office. The general rule is that it must be settled at law by quo warranto proceedings."

The question of incompatibility of offices has been before the court in numerous cases subsequent to the adoption of the present Pennsylvania Constitution. It will be observed that in several of the reported cases there was no statute declaring the offices incompatible and the courts having determined there was no incompatibility in fact issued the writ of quo warranto and for reasons of public policy followed it by a judgment of ouster where elections were not made by the office-holder as to which office he elected to keep.

In the Constitution of Pennsylvania, article 12, sec. 2, relating to incompatible offices, it is provided as follows:

"No member of congress from this state, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the same time hold or exercise any office in this state to which a salary, fee or prerequistes shall be attached. The General Assembly may by law declare what offices are incompatible."

This provision of our Constitution was construed by Mr. Justice Kephart in the case of Commonwealth ex rel. Schermer v. Franek, 311 Pa. 341. The question before the court was the incompatibility of the office of justice of the peace and the office of mayor of a newly constituted city, defendant being the duly elected officer to each office, although not elected to both offices at the same election as is the case at bar. The following quotation appears, beginning at the bottom of page 346 of the reported case:

"It is contended that the offices of Justice of the Peace and Mayor of a city are incompatible. Article XII, section 2 of the Constitution provides, that the

General Assembly may by law declare what offices are incompatible. We have been pointed to no statute which declares the office of Justice of the Peace and Mayor incompatible. Inasmuch as the Constitution has provided a method of declaring what offices are incompatible, thereby announcing the public policy of this State in regard thereto, the courts are not permitted to hold offices incompatible merely because the Legislature has failed to act, even though other states may have held such offices incompatible where the duties of one conflict with those of the other. The Legislature of this Commonwealth has determined in several instances certain offices to be incompatible, and it would be a transgression of the power of this court to hold the offices of Mayor and Justice of the Peace incompatible when the Legislature has not seen fit to act in the matter."

Judge Troutman in 1947 had occasion to refer to Commonwealth ex rel. Schermer v. Franek in Kurtz v. Steinhart et al., 60 D. & C. 345, and after setting forth the above quotation said, p. 359:

"Since the decision in the case of Commonwealth ex rel. Schermer v. Franek, supra, it is doubtful that the courts may hold offices incompatible merely because the legislature has failed to act, and applying the principle of that case to the case at bar, we must conclude that the offices of school director and clerk for the tax collector are not incompatible. At least there is no statutory inhibition against the same person holding both offices. A clerical employe is not a public officer in a strict sense of the term. The legislative prohibition includes only the office of township tax collector or treasurer and does not preclude one of his employes from holding another public office, such as school director.

"It has been argued that the courts have the power to declare offices incompatible where it would be against

public policy for the same person to hold dual offices and as has already been discussed, the relationship of plaintiff as a clerk for the township tax collector and his duties as a school director may become antagonistic. The courts have held offices incompatible where no statutory inhibitions existed: See Commonwealth ex rel. v. Snyder, 294 Pa. 555; Johnston v. Hennan, 68 Pa. Superior Ct. 45.

"In the latter case, the court held that the offices of tax collector and school solicitor were incompatible because their interests were antagonistic even though there was no statutory inhibition. Since the decision in Commonwealth ex rel. Schermer v. Franek, supra, it appears that where the legislature has failed to act in declaring offices incompatible, the courts are without power to declare such offices incompatible. However, inasmuch as the legislature has acted in relation to the offices of school director and township tax collector or treasurer, we are not called upon to decide whether the courts still possess the common-law right to decide the question of incompatibility in the absence of a statutory inhibition."

See also State Tax Equalization Board Membership, 62 D. & C. 266.

We have examined with care the section of our Purdon's Pennsylvania Statutes Annotated designated Incompatible Offices, 65 PS §1 (ff), and other statutes relative to borough councilmen and constables, and we do not find that the legislature has ever declared the offices of borough councilman and constable to be incompatible. It would appear, therefore, that this court is without authority to declare these two offices incompatible and accordingly this court is prevented from issuing the writ of quo warranto as requested. The language in the Franek case is too positive to be disregarded.

While we shall refuse the writ of quo warranto in view of the interpretation of the constitutional provisions by our Supreme Court, we may say that it is not difficult to imagine an unfortunate situation in the Borough of New Centerville. Assume for the moment that Lloyd Berkey were president of the town council, as well he might be, and assume further that for good and valid reason the burgess would not be able to conduct his usual duties and that the president of the council would be obliged to carry on the duties of the burgess, which includes the conduct of hearing of criminal matters violative of the borough ordinances; in such a situation it is easily possible that Lloyd Berkey as the constable might institute a prosecution or serve the warrant in his official capacity as constable and at a subsequent time hear the matter on its merits in the absence of the burgess and as the president of the town council. This situation should be clarified and prevented but the remedy of these relators is with the legislature and not with the courts. In concluding as we do we are not unmindful of the statement contained in Commonwealth ex rel. v. Snyder, 294 Pa. 555, 560:

"We have said—and probably necessarily so because of Article XII, section 2 of the state constitution—that if a statute declares incompatibility, the penalty fixed by it, if any, will always be enforced: Com. v. Allen, 70 Pa. 465; Com. v. Bennett, 233 Pa. 286. If however, as here, the incompatibility is not determined by a statute, but arises solely by reason of the fact that the duties of the two offices are such that it would be against public policy to permit one person to hold both of them, then the incumbent may elect which he will retain. . . ."

While we think the two offices in this proceeding held by the same person may be and ought to be declared

incompatible as a matter of public policy, the positive language in the Franek case prevents such judicial construction and determination.

For the reasons herein set forth and without deciding the question of incompatibility of the two offices, specifically before us, we now enter the following

*Order*

Now, November 3, 1950, the writ of quo warranto is refused and the complaint is dismissed at the cost of Somerset County.