## Commonwealth ex rel. Schwartz v. Kopack

Before Valentine, P. J., Aponick and Flannery, JJ.

*E. C. Marianelli*, for Commonwealth.

*Lewis Crisman*, for defendant.

VALENTINE, P. J., January 23, 1952.—This quo warranto proceeding challenges the right of defendant, Joseph Kopack, to hold and occupy the office of Burgess of Pringle Borough. Defendant claims title to the office by virtue of his alleged appointment by the members of the borough council to fill a vacancy caused by the resignation of William Connolly.

The complaint sets forth that the action of the council in appointing defendant is illegal for the reason that Frank Barnick, one of the four councilmen who attended the meeting and voted for defendant's appointment "had forfeited and abandoned the office of councilman" in that "about August of 1950" he moved "from the Borough of Pringle to the Borough of Courtdale" where he resided at the time he attended the meeting and voted for defendant's appointment as burgess.

Plaintiff is making a collateral attack upon the right of Barnick to hold the office of councilman. This cannot be done.

"The right of an incumbent of a public office, when holding by color of title, cannot be attacked collaterally, but only by the Commonwealth, in a direct proceeding for that purpose": Commonwealth ex rel. v. Snyder, 294 Pa. 555.

Concededly there had been no adjudication that Barnick had forfeited his right to the office. The allegation in the complaint that he had removed from the Borough of Pringle to the Borough of Courtdale is the assertion of a fact. In attending the meeting and participating therein Barnick was at least de facto councilman, whose acts were valid so far as respects the public, but void when done for his own benefit: Commonwealth v. Snyder, supra.

In effect preliminary objections 2 and 5 constitute a demurrer to the complaint. These are sustained and judgment entered for defendant.